NIGHT BOX

CLARENCE MADDOX
CLERK, USDC/SD/FL/MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

**UNITED STATES OF AMERICA,**            )
                                         )
        Plaintiff,                    )
                                         )
v.                                       )
                                         )
**ANTHONY TRENTACOSTA,**                 )
                                         )
        Defendant.                    )
_____  )

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF ITS APPEAL OF MAGISTRATE'S ORDER
DENYING MOTION FOR PRETRIAL DETENTION
AND SETTING CONDITIONS OF PRETRIAL RELEASE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and files this Supplemental Memorandum of Law in support of its appeal of Magistrate Judge Joel M. Feldman's order entered on September 29, 2000 which denied the government's motion for pretrial detention of the defendant, Anthony Trentacosta, and set conditions of his pretrial release. The government filed this appeal on both grounds that the defendant is a danger to the community and that there are no conditions of release which will reasonably assure the appearance of the defendant at trial.

Title 18, United States Code, Section 3142(e) provides that a judicial officer shall order detention upon finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This section accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate. <u>United States v. King</u>, 849 F.2d 485, 487 (11th Cir. 1988). Where, as here, the District Court conducts a review of the magistrate's findings with reference to a contested detention order, the District Court is required to conduct a <u>de novo</u> review. <u>Id</u>. at 490. See also, <u>United States v. Hurtado</u>, 779 F.2d 1467, 1480 (11th Cir. 1985).[1] A <u>de novo</u> review, however, does not require the district court to hold a <u>de novo</u> hearing. In conducting its review the district court may rely on the transcript of the hearing that occurred before the magistrate judge. <u>United States v. Gaviria</u>, 828 F.2d 667, 668 (11th Cir. 1987).

Title 18, United States Code, Section 3142(f)(1) empowers the Court to order pretrial detention upon motion of the government in any case that involves a crime of violence. In the case at bar, the

---

1. The necessity for a <u>de novo</u> review is made more acute in the instant case given that Magistrate Judge Feldman's order contains no findings of fact or conclusions of law. As the court observed in <u>United States v. Tortora</u>, 922 F.2d 880, 883 (1st Cir. 1990), a statement of reasons should ordinarily accompany release orders in contested cases.

defendant is charged with running the day-to-day operations of a crew of the Gambino Crime Family which engaged in acts that included, inter alia, murder, conspiracy to commit murder, and extortion.[2] Thus, under Title 18, United States Code, Section 3142(e), a rebuttable assumption arises that no conditions of release will reasonably assure the safety of any other person and the community given that the defendant has previously been convicted of a crime of violence.[3] Furthermore, Title 18, United States Code, Section 3142(f)(2) empowers the Court to order pretrial detention in any case that involves a serious risk that the person will flee, or a serious risk that the person will obstruct or attempt to obstruct justice.

In order for a court to order the pre-trial detention of a defendant, the government is required to establish by a preponderance

---

2. The crime of extortion, and RICO charges which incorporate that offense, constitute crimes of violence. See, Title 18, United States Code, Section 3156(a)(4) (defining, for pretrial detention purposes, a crime of violence as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another"); United States v. Gonzalez-Lopez, 911 F.2d 542, 546 (11th Cir. 1990) (whether an offense is a crime of violence is a legal inquiry as opposed to a factual inquiry; the Court is permitted to examine only the elements of the offense, not the conduct of the defendant in the particular case), cert. denied, 500 U.S. 933 (1991). See also, USSG § 4B1.2, Application Note 2 (defining extortion as a crime of violence, per se); United States v. DeLuca, 17 F.3d 6, 8-10 (1st Cir. 1994) (violation of state extortion statute constitutes crime of violence, even though it incorporates the use of threats other than threats of physical harm).

3. The defendant was previously convicted on September 27, 1963 for felonious assault.

of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence at trial. <u>United States v. Quartermaine</u>, 913 F.2d at 917. The government may also independently demonstrate the need for pre-trial detention by presenting clear and convincing evidence that the defendant is a danger to the community. <u>Id</u>. The Eleventh Circuit, in accord with the legislative history of the pre-trial detention statute, observed that the risk that a defendant will continue to engage in criminal activity constitutes a danger to the safety of any other person or the community. <u>United States v. King</u>, <u>supra</u>, 849 F.2d at 487 n.2. See also, <u>United States v. Salerno</u>, 481 U.S. 739, 748 (1987)("We have repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest").

Title 18, United States Code, Section 3142(g) provides that the Court take into account the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community: (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) The weight of the evidence against the person; (3) The history and characteristics of the person; and (4) The nature and seriousness of the danger to any person or the community that would

be posed by the person's release.

In the case at bar, probable cause has been established that the defendant is a made member of the Gambino Crime Family. He lives in Georgia, yet controls a crew in South Florida which engages in crimes of violence and financial crimes for his benefit and the benefit of the Gambino Family hierarchy in New York. This crew, acting under the defendant's direction and control, engaged in crimes which included murder, conspiracy to commit murder and extortion. The fact that the members of this crew would conspire to murder one of their own establishes the viciousness with which they conduct their affairs. Consequently, the nature and circumstances of the crimes charged militate in favor of detention. Moreover, the defendant's personal characteristics require his detention in order to assure his appearance and to protect the community. The defendant is a member of a criminal organization and is, himself, a life-long criminal who has previously engaged in personal acts of violence. He has no assets in his own name, and claimed, during his interview with pretrial services in Atlanta, that he has not received income from a reputable job for the past thirty-seven years. The defendant claims that his wife is his sole source of support. He has no ties to this jurisdiction other than his criminal associations. Moreover, the evidence establishes that, in 1991 following the defection of the underboss of the Gambino Family, the defendant expressed his

intention to flee the United States if he believed that his arrest was imminent. Lastly, the nature and seriousness of the danger to the community which the defendant's release would pose is obvious.

In United States v. Tortora, 922 F.2d 880 (1st Cir. 1990), the defendant was a soldier in the Patriarca Crime Family who was charged with RICO, extortionate credit transactions, and violations of the Travel Act. The defendant was ordered detained by a magistrate. Thereafter, the defendant was ordered released by the District Judge. The government appealed that ruling, and the First Circuit reversed, finding that no conditions of release could reasonably protect the community. In reaching its decision, the appellate court heavily relied upon the defendant's membership in the Patriarca Family, finding that "his association with a criminal cabal, his membership in a Family, and his avowals to further the Family's goals through illicit activity are highly relevant considerations under 18 U.S.C. 3142(g)." Id. at 885 n.6. Similarly, in the case at bar, the defendant is an organized crime member who has continuously directed others in conducting criminal activity on behalf of the Gambino Family. Therefore, the safety of the community is paramount to the defendant's liberty interests.

WHEREFORE, the government respectfully submits that this Court should properly enter an order that the defendant be held without

bond pending trial.

                      Respectfully submitted,

                      GUY A. LEWIS
                      UNITED STATES ATTORNEY

By:    _____
        JEFFREY H. SLOMAN
        Assistant United States Attorney
        Florida Bar No. 0378879
        500 E. Broward Blvd. 7th Floor
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7255
        Fax: (954) 356-7230


_____
LAWRENCE D. LaVECCHIO
Assistant United States Attorney
Florida Bar No. 0305405
500 E. Broward Blvd. 7th Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7230

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to Richard K. Houlihan, Esquire, Suite 310, 300 Aragon Avenue, Coral Gables, Florida 33134 on this 20th day of October, 2000.

LAWRENCE D. LaVECCHIO
Assistant United States Attorney