UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY TRENTACOSTA,

    Defendant.

_____/

## ORDER ON APPEAL OF MAGISTRATE'S ORDER DENYING MOTION FOR PRETRIAL DETENTION AND SETTING CONDITIONS OF PRETRIAL RELEASE

THIS CAUSE is before the Court on the Government's Appeal of Magistrate's Order Denying Motion For Pretrial Detention And Setting Conditions of Pretrial Release. On September 29, 2000 Magistrate Judge Joel M. Feldman entered an order denying the Government's motion for pretrial detention of the Defendant, Anthony Trentacosta and set conditions of his pretrial release. Those conditions were:

    a) house arrest with electronic monitoring;
    b) travel restricted to Metro Atlanta, Southern District of Florida to answer said indictment, and to visit his cancer treatment facility in New York as required; and
    c) surrender of his passport *instanter*

The Government filed this appeal claiming that Trentacosta is a danger to the community and that there are no conditions of release which would reasonably assure Trentacosta's appearance at trial.



## Procedural History

On September 19, 2000, a federal grand jury sitting in the Southern District of Florida returned at 25 count indictment charging nine Defendants with RICO conspiracy, in violation of Title 18, United States Code, Section 1962 (d), and other substantive offenses. Defendant, Anthony Trentacosta is charged in Count I with RICO conspiracy. On September 26, 2000, Trentacosta was arrested in the Northern District of Georgia where he resides and made his initial appearance on the indictment. At that time, the Government requested that the Defendant be detained pending trial in this District. On September 29, 2000, a pretrial detention hearing was held before Magistrate Judge Joel M. Feldman of the Northern District of Georgia. On September 29, 2000, Magistrate Judge Feldman entered his written order denying the Government's Motion for Pretrial Detention and Setting Conditions of Release. Magistrate Judge Feldman stayed this order until 5:00 p.m. on October 2, 2000. This Court extended the stay pending resolution of this appeal.

The Court has reviewed the transcript of the September 29, 2000. In addition, on October 25, 2000, the Court held a hearing on this matter at which the Court considered the additional testimony and evidence offered by the Government and the parties' oral arguments. At the Court's request, Trentacosta submitted his written memo Defense Submission for Bond. The Government filed its Reply to Trentacosta's Submission for Bond.[1] The appeal is therefore ripe for determination.

## Analysis

The Court first notes that the Government originally asserted that Title 18, United States Code, Section 3142(e) applied in this case, giving rise to a rebuttable presumption that no conditions

---

[1] The Court has also reviewed and considered the Government's original written memorandum of law in support of its appeal and its supplemental memorandum of law.

of release would reasonably assure the safety of the community. However, at the October 25, 2000, hearing the Government advised the Court that no presumption applies in this case. The Court agrees and proceeds on the premises that no such presumption applies here.

As noted above, the multi-party, multi-counsel indictment, Trentacosta is charged in only one count of RICO conspiracy. The Government alleges that Trentacosta was a soldier in a crew of the Gambino Crime Family operating in South Florida who, on or about March 19, 1999, assumed responsibility for the day to day control of that crew. The alleged criminal conspiracy included acts or threats of murder, extortion, fraud in connection with identification documents, counterfeiting checks, theft from interstate shipments, threats of violence and obstruction of justice. Trentacosta allegedly maintained control and authority over the criminal enterprise through his direction of another crew member, Defendant Frederick J. Massaro.

The Government calculates Trentacosta's criminal history to be a level I and, upon conviction of RICO conspiracy, his offense level would be 36 (188-235 months). RICO conspiracy is governed by USSG Section 2E1.1(a)(2). It requires that the offense level applicable to the underlying racketeering activity be applied where it is greater than a level 19. In this case, the underlying racketeering activity with the highest guideline level charged to Trentacosta is Conspiracy to Commit Murder in Aid of Racketeering pursuant to 18 USC 1959(a)(5). As a result, offense level 36 is derived from USSG Section 2A1.5(b) and 3B1.1(a).

In support of its contention that only pretrial detention will secure Trentacosta's attendance at trial and assure the safety of the community, the Government offered a special agents' testimony, a tape-recorded conversation and the Pretrial Service Report all evidence submitted at the September 29, 2000 hearing. In addition, at the October 25, 2000 hearing the government offered the testimony of another special agent concerning La Costra Nostra protocol, a Trentacosta tape-recorded

conversation and a soundless videotape of a meeting between Trentacosta and John Gotti. To a large degree, the Government's case against Trentacosta relies on evidence of LCN protocol which, according to the Government, establishes circumstantially that the South Florida crew was not authorized to commit the alleged serious crimes without the specific authority of the LCN member in charge of the crew - in this case, Trentacosta. It was just this type of evidence which prompted Magistrate Judge Feldman, in denying pretrial detention:

> THE COURT: Well, one of the things I have to look at, obviously, is the seriousness of the charges, and they are extraordinarily serious; the weight of the evidence against him, and that's kind of iffy in some regards; potential for risk of flight, and he hadn't apparently tried to flee, and according to the pretrial service Officer's report, he's been a resident of this areas for twelve years. [Sept. 29, 2000 Transcript, p. 125, emphasis added.]

While there is evidence that Trentacosta has at times acted in a violent, even threatening manner, the Court does not find, based on the record before it, that the Government has carried its burden of establishing that Defendants is a danger to the community, particularly in light of the conditions of bond imposed on him.

Regarding the Government's contention of Trentacosta's risk of flight, its main contentions are the potential sentence that may be imposed[2] and Trentacosta's 1991 statement to a confidential informant that Trentacosta was concerned about a possible murder charge and that if he were charged he was "going to take off for Spain". (September 29, 2000 Transcript, p. 118-120). The Government also notes that Trentacosta has not been gainfully employed for twenty-six years and has no real assets.

---

[2]At the September 29 hearing the Government indicated that the Guidelines Level of 36 (188-235 months) "...viewed in light of his age (61), as well, shows that flight would definitely be a possibility". (September 29 Transcript, p. 120),

Trentacosta counters that on prior occasions when faced with prosecution or potential prosecution he has always timely appeared as required, even after he became aware of the pending indictment he remained at his Atlanta home, even after the agents advised him shortly before his arrest that they were coming to arrest him and his current medical and dental problems, including larynx cancer. Trentacosta also urges that the evidence against him is not strong. Finally, Trentacosta offers that while the conditions imposed by Magistrate Judge Feldman with the proposed $500,000 bond are sufficient to insure his continuing presence, he will accept any other conditions as this Court deems appropriate, including:

1) Electronic monitoring.
2) Travel restricted to the Northern District of Georgia [greater metropolitan Atlanta area], New York City [medical], and the Southern District of Florida [legal].
3) Surrender any passport.
4) Abstain from alcohol.
5) No contact with any alleged victim or witness;
6) Any reasonable law enforcement search so as to insure his compliance with any and all bond conditions.
7) Wiretapping his home phone and any cellular phone he might use, including his wife's.
8) Not use any communication device except as stated above.
9) Remaining in his home, in Atlanta, and not leaving except in his wife's continued presence. [with the exception as noted in 2) above].
10) Any other reasonable condition as this Court deems appropriate.

Based on the Government's presentation and Trentacosta's response, the Court finds that the Government has not shown that with the imposition of the $500,000 bond and the attendant conditions described above there is still such a risk of flight which outweigh's Trentacosta's liberty interest. Therefore, it is

ORDERED AND ADJUDGED that the Government's Appeal of Magistrate's Order Denying Motion for Pretrial Detention And Setting Conditions of Pretrial Release is DENIED and the Magistrate's Order Denying Motion For Pretrial Detention and Setting Conditions is AFFIRMED

and modified to include the additional bond conditions listed above that were not part of the Magistrate's original order.

DONE AND ORDERED in Chambers, Miami, Florida, this /6 day of November, 2000.

Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record.