UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA     CASE NO.: 00-6273-CR-HUCK

    Plaintiff,

vs.

**ANTHONY TRENTACOSTA,**

    Defendant.
_____/



### DEFENDANT'S RESPONSE TO GOVERNMENTS MOTION TO CLARIFY

**COMES NOW**, the Defendant, **ANTHONY TRENTACOSTA,** by and through his undersigned representative, and herein responds to the Government Motion to Clarify filed on November 17th, 2000 and says as follows:

1. This reply is being signed by the defendant's wife, Denise Trentacosta with the understanding and agreement of the defendant's court appointed counsel Richard K. Houlihan who is unable to respond immediately because of prior commitments;

2. That is obvious from the Court's order dated November 16, 2000 that the Court <u>fully</u> understood Magistrate Judge Feldman's conditions prior to adopting the <u>additional</u> bond conditions set forth on page 5 of that order, <u>including</u> permitting egress and ingress into the home "in his wife's continued presence", and excepting the restrictions set forth for medical, legal and in the greater Metropolitan Atlanta area;

3. Furthermore, the Court's order imposes a $500,000 bond in the <u>same</u> <u>fashion</u> as that bond imposed by Magistrate Judge Feldman, which is indicated at pages 125-129 of that transcript as a "surety" bond, and



which, under a rational reading thereof, must have been intended to be a _personal surety_ bond by virtue of the language in those pages. It was well known that his bond was to be posted by the defendant's _wife_ and the defendant is a CJA qualified defendant. The premium _alone_ on such a bond would be at least $75,000. Although the wife has significant assets, she does _not_ have the ability to post such a _premium_ without significant hardship. Moreover, it is further apparent (at page 125) that the property has already been reviewed by the small business administration (SBA) whose approval process should be _at least_ as significant and detailed as is the US Attorney's Office.

**WHEREFORE**, the undersigned respectfully urges this court to find from the words and intent of both orders herein as follows:

a. That the defendant should be released on the posting of a _personal surety bond_ in the amount of $500,000, to be co-signed by the defendant's wife, Denise Trentacosta;

b. That the defendant be permitted, as indicated by this Court's order of November 16, 2000, to travel within the Metropolitan area of Atlanta, in his wife's continued presence;

c. To note that the defendant does _not_ oppose the electrical monitoring as requested by the government in its November 17, 2000, Motion to Clarify.

*Denise Trentacosta*
DENISE TRENTACOSTA
FOR ANTHONY TRENTACOSTA

2

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by U.S. Mail to Jeffrey H. Sloman, Assistant United States Attorney, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394; Lawrence D. LaVecchio, Assistant United States Attorney, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394; Richard K. Houlihan, Esquire, Suite 310, 300 Aragon Avenue, Coral Gables, FL 33134; this ___ day of November, 2000.

*Denise Trentacosta*
DENISE TRENTACOSTA
FOR ANTHONY TRENTACOSTA