UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK



**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ANTHONY TRENTACOSTA,**

    Defendant.
_____/

GOVERNMENT'S MOTION TO CLARIFY THE COURT'S
ORDER ON APPEAL OF MAGISTRATE'S ORDER DENYING
MOTION FOR PRETRIAL DETENTION AND SETTING
CONDITIONS OF PRETRIAL RELEASE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and files this motion seeking clarification of the Court's Order which was entered on November 16, 2000 setting conditions of pretrial release of the defendant Anthony Trentacosta.

In its Order, the Court affirmed the order of Magistrate Judge Joel M. Feldman of the Northern District of Georgia insofar as that order denied the government's motion seeking

pretrial detention and set certain conditions of release, and supplemented that order by imposing additional conditions. The government hereby seeks a clarification of this Court's order as to the following points:

1. In his written order, Magistrate Judge Feldman ordered that the defendant be held under house arrest. Magistrate Judge Feldman's intention in this regard was made plain at the hearing which preceded his written order, during which the following occurred:

> Mr. Leach [the prosecutor]: Your Honor, typically there are curfews set with regard to the electronic monitoring, as well.
> The Court: Well, electronic monitoring means he's got to stay in the house, unless he goes somewhere.
> Mr. Leach: House arrest, electronic monitoring.
> The Court: Yeah, he doesn't work, so he doesn't have to go to a job. The only place he needs to go, at this point, that I'm aware of, is to New York for his medical treatment, or if he has to see any other doctors.

Transcript of hearing, September 29, 2000, pp. 127-128. This Court's order of November 16, 2000 specifically adopted Magistrate Judge Feldman's Order. However, this Court's Order, at page 5, condition 9, requires that the defendant remain in his home in Atlanta and not leave "except in his wife's continued presence." To the extent that this provision conflicts with Magistrate Judge Feldman's Order, the government seeks a clarification and urges that this Court order that the defendant remain in his home at all times except to seek medical treatment or to consult with his attorney, with those activities to be monitored by Pretrial Services. To allow otherwise would be to defeat the purposes behind house arrest by allowing the defendant the opportunity to continue to engage in criminal activities outside of his home. Moreover, as a practical effect, Pretrial Services would be unable to monitor and control the defendant's

activities if he need only be otherwise in the presence of his wife when he leaves his residence.

2. Magistrate Judge Feldman's written order required that the defendant post a surety bond of $500,000.00. Unlike the Southern District of Florida, the Northern District of Georgia allows the posting of property bonds, with the Court examining and approving the specific collateral which is posted. In the Southern District of Florida, no such procedure exists for this Court to examine and encumber collateral in order to satisfy the requirements of a surety. Therefore, to the extent that there exists an ambiguity in this regard, the government seeks a clarification and requests that this Court order the posting of a corporate surety bond in the amount of $500,000.00.

3. During the September 29, 2000 hearing, at page 125, Magistrate Judge Feldman stated that he would allow the prosecutor "the opportunity to have a hearing if you want one on the source of the proceeds to make the bond." This procedure is consistent with the principles established in United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966), the purpose for which is so that the government can be assured of the legality of the property resources and the court can be satisfied that the surety has an incentive and purpose to secure the defendant's presence at trial. This requirement is commonly attached as a bond condition. See, e.g., United States v. Skipper, 633 F.2d 1177 (5th Cir. 1981); United States v. Fernandez-Toledo, 737 F.2d 912 (11th Cir. 1984); United States v. Rivera, 90 F.Supp.2d 1338 (S.D.Fla. 2000) . Therefore, to the extent that this Court's ruling is silent on that issue, the government seeks a clarification and requests that this Court order a Nebbia condition so as to allow the government and the Court the opportunity to examine the source and efficacy of the collateral and the premium payments

to be posted in connection with the surety bond.

4. In this Court's Order, at page 5, points 7 and 8, the Court authorizes the government to electronically monitor the defendant's home telephone, and any cellular telephone which he might use, including his wife's, and prohibits the defendant's use of any other communication device. As it is currently worded, these provisions would allow the defendant to utilize multiple cellular telephones, within and without his residence, thus thwarting the government's ability to monitor his communications and effectively impact his ability to commit further crimes. In this regard, the government seeks a clarification of the Order and requests that the Court order that the defendant maintain one land line telephone line at his residence, that cellular telephones be prohibited on the premises, that the defendant be prohibited from utilizing any communication device except the land line telephone at his residence (including any pay telephones, cellular telephones or any other communication devices outside of his residence), that the government be permitted to electronically monitor and/or record all communications occurring over the sole telephone facility to which the defendant is permitted access, and that the defendant be required to post a notice on that telephone facility that the communications occurring thereon are being monitored and/or recorded by the government.

WHEREFORE, the government respectfully requests that the Court issue a clarification of its Order releasing the defendant on bond, consistent with the above and foregoing.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
    JEFFREY H. SLOMAN
    Assistant United States Attorney
    Florida Bar No. 0378879
    500 E. Broward Blvd., Suite 700
    Fort Lauderdale, Florida 33394
    Tel: (954) 356-7255
    Fax: (954) 356-7230

_____
LAWRENCE D. LaVECCHIO
Assistant United States Attorney
Florida Bar No. 0305405
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to Richard K. Houlihan, Esquire, Suite 310, 300 Aragon Avenue, Coral Gables, Florida 33134 on this 17th day of November, 2000.

_____
LAWRENCE D. LaVECCHIO
Assistant United States Attorney