UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
00-6273-CR-HUCK / BROWN

UNITED STATES,
Plaintiff,

vs.

ANTHONY TRENTACOSTA,
Defendant.

_____/



# DEFENDANT TRENTACOSTA'S MOTION FOR REDUCTION AND MODIFICATION OF BOND, <u>NEBBIA</u> PROFFER LOCAL RULE 88.9 CERTIFICATE AND INCORPORATED MEMORANDUM OF LAW

Defendant, ANTHONY TRENTACOSTA, by and through his Court-appointed undersigned counsel, files this Motion for a Reduction and Modification of Bond together with his <u>Nebbia</u> Proffer, and, in support thereof, states as follows:

1.    Mr. Trentacosta files this Motion because he already has been incarcerated for ten (10) weeks without being able to post the present bond, and because he is not receiving appropriate medical care for his thyroid and cancer of the larynx diseases, having already missed medical exams for these conditions that were scheduled three weeks ago. Mr. Trentacosta requests that this Court conduct a hearing on this Motion as soon as possible.

2.    By way of history, government agents arrested Anthony Trentacosta, without incident, on September 26, 2000, in Atlanta, Georgia.  Mr. Trentacosta made his first Court appearance that same day and the government requested pretrial detention.

3.    On September 29, 2000, United States Magistrate Judge Joel M. Feldman conducted the detention hearing, at the conclusion of which he set a surety bond of $500,000.00, to be supported by property owned by the Defendant's wife and others which could not be further encumbered.  (Tr. 125-129).  Mr. Trentacosta maintains that Magistrate Judge Feldman intended this bond to be a personal surety bond.

4.    Ten weeks have since elapsed, and Mr. Trentacosta remains incarcerated, being unable to meet the "clarifications" that this Court has imposed, at the request of the government, upon the original bond set by Magistrate Judge Feldman in Atlanta, Georgia, which bond was initially approved by this Court in an Order dated November 16, 2000, following a supplemental evidentiary hearing conducted by this Court on October 25, 2000.

5.    In its November 16, 2000, Order, this Court denied the government's appeal of the bond set by Magistrate Judge Feldman, and imposed certain additional conditions suggested by Mr. Trentacosta.

6.    Mr. Trentacosta does not object to the $500,000.00 surety bond set by Magistrate Judge Feldman, and initially approved by this Court, nor does he object to any of the additional conditions suggested by him and incorporated in this Court's November 16, 2000, Order.

7.    Again, unhappy with the result, the government essentially moved this Court to reconsider its November 16, 2000, Order by filing a cleverly disguised "Motion for Clarification" the next day, November 17, 2000.

8.    It is the government's Motion for Clarification, and this Court's resulting Order thereon, which is the subject of this Motion to Reduce and Modify the bond that ultimately resulted from the foregoing process.

9.    In short, through the vehicle of a Motion for Clarification, and this Court's November 20, 2000, Order clarifying Conditions of Pretrial Release, without any further hearing or meaningful opportunity for Mr. Trentacosta to be heard, the $500,000.00 surety bond set by Magistrate Judge Feldman, is now a $500,000.00 corporate surety bond, which requires that a $75,000.00 fee be paid to a bonding company, and certain other conditions have been substantially modified as well.

10.    For example, this Court's November 16, 2000, Order allowed Mr. Trentacosta to leave his Atlanta home in his wife's continued presence, which he

3

cannot now do pursuant to the November 20, 2000, clarifying Order.

11.    In addition, the November 16, 2000, Order permitted cellular telephone usage by both Mr. Trentacosta and his wife, and did not limit the number of telephone lines in their Atlanta home. The November 20, 2000, Clarifying Order requires that Mr. Trentacosta maintain only one land line telephone at his residence and precludes all cellular telephones.

12.    First, Mr. Trentacosta is not able to meet the corporate surety aspect of the $500,000.00 bond. Although substantial property is available to support that bond, in the amount of $500,000.00, or even higher, liquid funds are not available to pay the $75,000.00 premium to a bonding company. Although Denise Trezza, Mr. Trentacosta's wife, does have some cash available, she would rather utilize that cash to hire private counsel for Mr. Trentacosta than to pay a bondsman, and there simply is not enough money to do both. See Affidavit of Denise Trezza attached hereto and incorporated herein as Exhibit "A".

13.    Moreover, despite the government's contention in its Motion for Clarification that the United States District Court in Atlanta, Georgia allows property bonds to be posted while this Court does not, which may or may not be true, examination of Magistrate Judge Feldman's verbal ruling makes clear that he did no more in setting this bond than is done everyday in every Magistrate

4

Courtroom in this District. In this regard, in setting a $500,000.00 bond, Magistrate Judge Feldman stated on page 125 of the transcript:

> "If I set it, its going to be $500,000.00 since you're telling me that the defendant's wife has a million dollars in assets. That would tie up every thing they had and prevent them from encumbering that in any way."

14.    The standard personal surety bond used in this District by every Magistrate Judge contains a clause precluding encumbering specifically listed properties. Therefore, there really is no difference between the procedure used in Atlanta and Miami, with respect to personal surety bonds.

15.    As such, the government's Motion for Clarification clearly misled this Court and resulted in a gross inflation of the original bond set by Magistrate Judge Feldman and originally approved by this Court by Order dated November 16, 2000.

16.    Accordingly, Mr. Trentacosta respectfully requests that this Court either reduce the present $500,000.00 corporate surety bond to the original $500,000.00 personal surety bond set by Magistrate Judge Feldman, to be encumbered by property satisfactory to the government or, in the alternative, by setting a combination personal surety / 10% bond. In this regard, Mr. Trentacosta suggests a $500,000.00 personal surety bond, plus a $100,000.00 10% bond, with

$10,000.00 to be deposited with the Clerk of this Court.

17.    In addition, Mr. Trentacosta also respectfully requests that this Court modify the November 20, 2000, Order clarifying conditions of his pretrial release, by re-imposing the original conditions contained in this Court's November 16, 2000, Order.

18.    Mr. Trentacosta makes this request for the following reasons. First, his wife, Denise Trezza, is in the process of building a restaurant in the Atlanta, Georgia area, and has already expended well over $600,000.00 toward that object. Because of the nature of that venture, Ms. Trezza needs to be able to utilize both cellular telephones and fax machines from the office in her residence in order to handle her business affairs. Second, since Mr. Trentacosta has some experience in the restaurant business, Ms. Trezza needs his assistance in negotiating the various matters that need to be negotiated in order to initially build, staff and operate this restaurant. That part of the November 16, 2000, Order suggested by undersigned counsel allowing Mr. Trentacosta to leave his residence "in his wife's continued presence" was intended for this very purpose; namely, so that Ms. Trezza would be able to rely upon Mr. Trentacosta's help in getting her restaurant off the ground. See, Trezza Affidavit.

19.    Finally, with respect to the wiretapping of Mr. Trentacosta's phone,

6

although he does not object to that he wants to make sure that whatever device is installed on the phone will not also pick up private conversations in his residence that are not telephone conversations.

20.    As this Court is aware, Title 18, U.S.C. § 3142 mandates that, once a Court has denied a government Motion for Pretrial Detention and ordered the release of a defendant, such release should be "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community". Title 18, U.S.C. § 3142(c)(1)(B).

21.    In seeking the foregoing modifications, Mr. Trentacosta respectfully requests that all of the other conditions contained in this Court's November 16, 2000, original Order, to which he agreed, plus the above bonds, are more than sufficient to both insure his appearance and to protect the community.

WHEREFORE, for the foregoing reasons, Defendant, Anthony TRENTACOSTA, respectfully requests that this Court enter an Order granting the relief sought in this Motion.

## LOCAL RULE 88.9 CERTIFICATE

In a recent telephone conversation with Lawrence D. LaVecchio, Esquire, the Assistant U.S. Attorney handling this case, Mr. LaVecchio stated that the government objects to the relief herein sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Lawrence D. LaVecchio, Assistant United States Attorney, 500 East Broward Blvd, Suite 700, Fort Lauderdale, Florida 33394 on this 8th day of December, 2000.

RICHARD HOULIHAN, Esquire
300 Aragon Ave., No. 310
Coral Gables, Florida 33134
(305) 442-1522 office
Rkhoulihan@aol.com
FBN: 238139

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
00-6273-CR-HUCK / BROWN

UNITED STATES,
     Plaintiff,

vs.

ANTHONY TRENTACOSTA,
     Defendant.
_____/

## DEFENDANT TRENTACOSTA'S MOTION FOR REDUCTION AND MODIFICATION OF BOND, NEBBIA PROFFER LOCAL RULE 88.9 CERTIFICATE AND INCORPORATED MEMORANDUM OF LAW

Defendant, ANTHONY TRENTACOSTA, by and through his Court-appointed undersigned counsel, files this Motion for a Reduction and Modification of Bond together with his Nebbia Proffer, and, in support thereof, states as follows:

1.    Mr. Trentacosta files this Motion because he already has been incarcerated for ten (10) weeks without being able to post the present bond, and because he is not receiving appropriate medical care for his thyroid and cancer of the larynx diseases, having already missed medical exams for these conditions that were scheduled three weeks ago. Mr. Trentacosta requests that this Court conduct a hearing on this Motion as soon as possible.

2.     By way of history, government agents arrested Anthony Trentacosta, without incident, on September 26, 2000, in Atlanta, Georgia.  Mr. Trentacosta made his first Court appearance that same day and the government requested pretrial detention.

3.     On September 29, 2000, United States Magistrate Judge Joel M. Feldman conducted the detention hearing, at the conclusion of which he set a surety bond of $500,000.00, to be supported by property owned by the Defendant's wife and others which could not be further encumbered.  (Tr. 125-129).  Mr. Trentacosta maintains that Magistrate Judge Feldman intended this bond to be a personal surety bond.

4.     Ten weeks have since elapsed, and Mr. Trentacosta remains incarcerated, being unable to meet the "clarifications" that this Court has imposed, at the request of the government, upon the original bond set by Magistrate Judge Feldman in Atlanta, Georgia, which bond was initially approved by this Court in an Order dated November 16, 2000, following a supplemental evidentiary hearing conducted by this Court on October 25, 2000.

5.     In its November 16, 2000, Order, this Court denied the government's appeal of the bond set by Magistrate Judge Feldman, and imposed certain additional conditions suggested by Mr. Trentacosta.

6.    Mr. Trentacosta does not object to the $500,000.00 surety bond set by Magistrate Judge Feldman, and initially approved by this Court, nor does he object to any of the additional conditions suggested by him and incorporated in this Court's November 16, 2000, Order.

7.    Again, unhappy with the result, the government essentially moved this Court to reconsider its November 16, 2000, Order by filing a cleverly disguised "Motion for Clarification" the next day, November 17, 2000.

8.    It is the government's Motion for Clarification, and this Court's resulting Order thereon, which is the subject of this Motion to Reduce and Modify the bond that ultimately resulted from the foregoing process.

9.    In short, through the vehicle of a Motion for Clarification, and this Court's November 20, 2000, Order clarifying Conditions of Pretrial Release, without any further hearing or meaningful opportunity for Mr. Trentacosta to be heard, the $500,000.00 surety bond set by Magistrate Judge Feldman, is now a $500,000.00 corporate surety bond, which requires that a $75,000.00 fee be paid to a bonding company, and certain other conditions have been substantially modified as well.

10.    For example, this Court's November 16, 2000, Order allowed Mr. Trentacosta to leave his Atlanta home in his wife's continued presence, which he

3

cannot now do pursuant to the November 20, 2000, clarifying Order.

11.    In addition, the November 16, 2000, Order permitted cellular telephone usage by both Mr. Trentacosta and his wife, and did not limit the number of telephone lines in their Atlanta home. The November 20, 2000, Clarifying Order requires that Mr. Trentacosta maintain only one land line telephone at his residence and precludes all cellular telephones.

12.    First, Mr. Trentacosta is not able to meet the corporate surety aspect of the $500,000.00 bond. Although substantial property is available to support that bond, in the amount of $500,000.00, or even higher, liquid funds are not available to pay the $75,000.00 premium to a bonding company. Although Denise Trezza, Mr. Trentacosta's wife, does have some cash available, she would rather utilize that cash to hire private counsel for Mr. Trentacosta than to pay a bondsman, and there simply is not enough money to do both. See Affidavit of Denise Trezza attached hereto and incorporated herein as Exhibit "A".

13.    Moreover, despite the government's contention in its Motion for Clarification that the United States District Court in Atlanta, Georgia allows property bonds to be posted while this Court does not, which may or may not be true, examination of Magistrate Judge Feldman's verbal ruling makes clear that he did no more in setting this bond than is done everyday in every Magistrate

4

Courtroom in this District. In this regard, in setting a $500,000.00 bond,

Magistrate Judge Feldman stated on page 125 of the transcript:

> "If I set it, its going to be $500,000.00 since you're telling me
> that the defendant's wife has a million dollars in assets. That would
> tie up every thing they had and prevent them from encumbering that in
> any way."

14.    The standard personal surety bond used in this District by every

Magistrate Judge contains a clause precluding encumbering specifically listed

properties. Therefore, there really is no difference between the procedure used in

Atlanta and Miami, with respect to personal surety bonds.

15.    As such, the government's Motion for Clarification clearly misled this

Court and resulted in a gross inflation of the original bond set by Magistrate Judge

Feldman and originally approved by this Court by Order dated November 16,

2000.

16.    Accordingly, Mr. Trentacosta respectfully requests that this Court

either reduce the present $500,000.00 corporate surety bond to the original

$500,000.00 personal surety bond set by Magistrate Judge Feldman, to be

encumbered by property satisfactory to the government or, in the alternative, by

setting a combination personal surety / 10% bond. In this regard, Mr. Trentacosta

suggests a $500,000.00 personal surety bond, plus a $100,000.00  10% bond, with

$10,000.00 to be deposited with the Clerk of this Court.

17.    In addition, Mr. Trentacosta also respectfully requests that this Court modify the November 20, 2000, Order clarifying conditions of his pretrial release, by re-imposing the original conditions contained in this Court's November 16, 2000, Order.

18.    Mr. Trentacosta makes this request for the following reasons.  First, his wife, Denise Trezza, is in the process of building a restaurant in the Atlanta, Georgia area, and has already expended well over $600,000.00 toward that object. Because of the nature of that venture, Ms. Trezza needs to be able to utilize both cellular telephones and fax machines from the office in her residence in order to handle her business affairs.  Second, since Mr. Trentacosta has some experience in the restaurant business, Ms. Trezza needs his assistance in negotiating the various matters that need to be negotiated in order to initially build, staff and operate this restaurant.  That part of the November 16, 2000, Order suggested by undersigned counsel allowing Mr. Trentacosta to leave his residence "in his wife's continued presence" was intended for this very purpose; namely, so that Ms. Trezza would be able to rely upon Mr. Trentacosta's help in getting her restaurant off the ground.  See, Trezza Affidavit.

19.    Finally, with respect to the wiretapping of Mr. Trentacosta's phone,

6

although he does not object to that he wants to make sure that whatever device is installed on the phone will not also pick up private conversations in his residence that are not telephone conversations.

20.    As this Court is aware, Title 18, U.S.C. § 3142 mandates that, once a Court has denied a government Motion for Pretrial Detention and ordered the release of a defendant, such release should be "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community". Title 18, U.S.C. § 3142(c)(1)(B).

21.    In seeking the foregoing modifications, Mr. Trentacosta respectfully requests that all of the other conditions contained in this Court's November 16, 2000, original Order, to which he agreed, plus the above bonds, are more than sufficient to both insure his appearance and to protect the community.

WHEREFORE, for the foregoing reasons, Defendant, Anthony TRENTACOSTA, respectfully requests that this Court enter an Order granting the relief sought in this Motion.

7

## LOCAL RULE 88.9 CERTIFICATE

In a recent telephone conversation with Lawrence D. LaVecchio, Esquire, the Assistant U.S. Attorney handling this case, Mr. LaVecchio stated that the government objects to the relief herein sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Lawrence D. LaVecchio, Assistant United States Attorney, 500 East Broward Blvd, Suite 700, Fort Lauderdale, Florida 33394 on this 8th day of December, 2000.

RICHARD HOULIHAN, Esquire
300 Aragon Ave., No. 310
Coral Gables, Florida 33134
(305) 442-1522 office
Rkhoulihan@aol.com
FBN: 238139

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
00-6273-CR-HUCK / BROWN

UNITED STATES,
     Plaintiff,

vs.

ANTHONY TRENTACOSTA,
     Defendant.
_____/

## AFFIDAVIT OF DENISE TREZZA
## AND NEBBIA PROFFER

STATE OF GEORGIA      )
                       SS
COUNTY OF FORSYTH)

BEFORE ME, the undersigned authority, personally appeared, DENISE TREZZA, who, being first duly sworn under oath, deposes and says:

1.     My name is Denise Trezza and I am the wife of the Defendant Anthony Trentacosta. As his wife, I too have been greatly affected by his arrest and incarceration since September 26, 2000. I make this affidavit on personal knowledge to address the issues and concerns that I have.

2.     The Bond set prior to the clarification of the bond:

     a.     was a bond I could meet with equity from real estate which I own and our friends own;

     b.     Allowed my husband to "leave home in my continued presence"

which would allow him to continue to remain involved in building the restaurant;

c.   Allowed me to have a cell phone and a fax phone in our home which I need to continue with my restaurant project; and

d.   Allowed his travel to New York for medical reasons.

3.   I could make this bond through encumbering the following property, which constitutes my Nebbia proffer together with the attached supporting documents:

a.   6190 Polo Club Drive, Cumming, Georgia 30040 - this property is appraised at $390K; encumbered at $321K; with an equity of $69K, solely owned by Denise Trezza;

b.   6340 Buckingham Circle, Cumming, Georgia 3040 - this property is appraised at $285; encumbered at $198K; with an equity of $87K, jointly owned by Denise Trezza and a friend, Robin Sacks;

c.   6915 Lancaster Circle, Cumming, Georgia 30040 - this property is appraised at $265K; encumbered at $209K; with an equity of $56K, solely owned by Robin Sachs; and

d.   90-02 Liberty Avenue, Ozone Park, New York - this property was last appraised approximately twelve years ago in the amount of $240K; I would estimate that this property is now worth

2

approximately $300K and it is not encumbered. This property is
owned by Vincent Ferrara, Mr. Trentacosta's friend of 47 years.

4.    The bond since the clarification is a $500,000.00 corporate surety bond
which requires a 15% premium of $75,000 which the CJA qualified
Defendant cannot make. I cannot make that as well. The liquid cash
that I have is just enough to carry me through to the opening of my
restaurant. There are other assets that I could sell, however, but that
would take time and that is the only money I would have to hire private
counsel for my husband.

5.    My husband has a thyroid condition for which he takes a prescription
drug called synthroid. Since his arrest on September 26, 2000, and
during his transportation by the U.S. Marshals, my husband was denied
this medication for five days. Failure to have this medication can cause
his heart to go into atrafibulation which can be fatal. On the fifth day of
no medication I spent five (5) hours on the phone going as far as calling
the office of John W. Marshall, the head of the U.S. Marshal Service, to
insure that my husband received the medication he needed. Five hours
and eighteen phone calls later, my husband was given his medication late
that evening. This caused his life to be at risk. Moreover, since this
incident he has not had a TS4 blood test to see if the medication needs to

3

be adjusted due to the lack of medication for five (5) days.

6.    In addition, in December of 1994, my husband was diagnosed with larynx cancer. He underwent a protocol at Memorial Sloan-Kettering Cancer Center in New York to save his larynx, when his first doctor thought his voice box would need to be removed. After successful completion of the protocol, Memorial Sloan-Kettering Cancer Center periodic check ups are required. The check ups were monthly, then every other month, then every three months, and then every four months. Now they are every six months. These check ups are imperative to his continued good health and so that he remains cancer free. Anthony missed his check up scheduled for November due to his remaining in custody with a bond which I cannot make -- again putting his life at risk. Cancer survivors need to remain as stress-free as possible. My husband's present situation is very stressful and I feel one which can be corrected with reduction and modification of his bond.

7.    For over three years, I have been working on a project. The project is the building of a restaurant on a piece of land I purchased. My husband has worked with me on this project for the last three years and without his help I would not have ever become involved in this project. My husband's help and continued help are an integral part of not only the

4

completion but the success of the project. To date my husband has spent countless days with me driving around the metro Atlanta area to locate just the right property to build the restaurant. Once we found the property we visited existing restaurants in the area to scope out future competition. We have had countless lunches and dinners in these establishments to gain information from the owners and staff to apply to our project. My husband has been a tremendous help to me since I purchased the property in September of 1999.

8. Once the property was purchased we spent a lot of time researching and interviewing architects. We would actually go and see the work of all the architects we interviewed. In addition we would meet with the builders they recommended. My husband has attended all these meetings and his input has been a great help. He has also attended the city meetings concerning the property.

9. After the purchase of the property, the next step was to get the financing. My husband helped me get a Small Business Administration loan for the project.

10. My husband has planned the menu of the restaurant. The menu consists of both his and his mother's recipes.

11. Without my husband being able to leave our home in Atlanta in my

5

continued presence, he cannot help me with this project. I am at the stage where a builder needs to be selected. Once the building begins, it is important to be on site everyday. Interior items need to be selected, vendors need to be seen, research needs to continue at other restaurants in the area.

12. My husband's trial is set for September 5, 2001. By then the restaurant will be completed. Not only do I need his help desperately prior to completion, but I need his help when it opens. His function will be quality control of the food, and working with the food vendors. My area of expertise is the business end - inventory and systems control, contract, hiring, scheduling, etc.

13. My decision to do this project was greatly influenced because my husband's expertise complimented mine. His arrest has created an unforeseen problem which is two-fold. One being the conditions of his bail requires cash that I do not have access to and two being the conditions of his bond do not allow his help which I was greatly depending on. Everything I have worked so long and hard for is on the line with this project.

14. In closing, I want to state that both the Court and the government want to insure my husband's presence at trial. Myself and our friends know he

6

will not flee and are willing to risk properties we have all worked hard for. We know my husband far better than the government. He has medical needs which are not being met and cannot be met while he remains incarcerated. My hope is to have the Order of Judge Feldman upheld by this Court.

FURTHER AFFIANT SAYETH NAUGHT.


_Denise Trezza_
DENISE TREZZA

SWORN TO AND SUBSCRIBED before me this 7 day of December, 2000, by DENISE TREZZA, who did take an oath and who is personally known to me.

My Commission Expires:

_Jean Holland_
NOTARY PUBLIC/STATE OF GEORGIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6273-CR-HUCK-BROWN

UNITED STATES OF AMERICA

    Plaintiff,

V.                  AFFIDAVIT OF _Denise Trezza_

ANTHONY TRENTACOSTA

    Defendant

_____

NAME: _Denise Trezza_

ADDRESS: _6190 Polo Club Drive, Cumming, Ga. 30040_

DOB: _11/8/53_

SS#: _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_

    I am the owner of property located at _6190 Polo Club Drive Cumming, Ga._

(see Deed). I have owned that property since _February 1990_. The property

is a _RANCH 3BR 3Bth ON A SLAB 2CAR GAR 3000 Sq ft_ _INGROUND POOL_ on

_about 3/4 acre_ parcel of land. The current market value is

_$425,000_. The property is currently encumbered by a mortgage to

_Commercial Federal_ for $ _177,000_ (see

Mortgage Statement), and a Home Equity Line of Credit for $ _144,000_

with _BB&T_.

    I agree that this property and the equity therein may be posted for bond for

Anthony Trentacosta.

1

I realize and understand that if Mr.Trentacosta intentionally fails to appear at any time before the court when he is required to do so, this property could be forfeited to the Government.

*Denise Trezza*

(Attach Deed and Mortgage Statement to each affidavit.)

STATE OF GEORGIA            )
                            )   ss:
COUNTY OF _Hall_            )

    Sworn to and subscribed before me this _24_ day of _November_, 2000, by _Denise Trezza_, who is personally known to me, ~~or who has produced the following as identification~~ _____.

*Debbie M. Ethridge*
NOTARY PUBLIC
STATE OF GEORGIA

Notary Public, Hall County  Georgia
My Commission Expires February 21  2002

2

WARRANTY DEED

# STATE OF GEORGIA    FORSYTH    County.

THIS INDENTURE, Made this **27th** day of **February** in the year of our Lord One Thousand, Nine Hundred and **Ninety**, between **PHIL BONNER HOMES, INC.**

of the County of                                and State of **Georgia**    of the first part, and

**DENISE TREZZA**

of the County of **Forsyth**    and State of **Georgia**    , of the second part.

WITNESSETH, That the said part **y** of the first part, for and in consideration of the sum of **Ten dollars and other good and valuable consideration ------DOLLARS** in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, ha**s** granted, bargained, sold, and conveyed, and by these presents doe**s** grant, bargain, sell and convey unto the said part **y** of the second part, **her** heirs and assigns, all that tract or parcel of land lying and being in

All that tract or parcel of land lying and being in Land Lots
241 and 242 of the Second District and First Section of Forsyth
County, Georgia, and being Lot 68 of the Polo Fields, Phase II
as shown in a plat for Denise Trezza dated February 22, 1990,
as prepared by Richard May & Associates, Richard N. May, RLS
No. 2210.  Said plat is recorded in Plat Book 31, page *17* ,
Clerk's Office, Forsyth Superior Court and reference is made
thereto for a more complete description.  Additional reference
is made as to a survey for Phase II of the Polo Fields Subdivision
recorded in Plat Book 27, page 301, said records.

Forsyth County Georgia
Real Estate Transfer Tax
Paid $ **263.60**
Date **2-28-90**
**Cecil McClure**
Clerk of Superior Court

GEORGIA, FORSYTH CO.
Clerks Office Superior Court
Filed for record on the **28th**
day of **February** 19**90**.
AV**1:40** o'clock **P** M. Recorded in
Book **484** Page **301** this
**1st** day of **March** 19**90**
**Cecil McClure** , Clerk
return **phil**

**Commercial**
**Federal**
Mortgage Corporation

**MORTGAGE STATEMENT**

| Mail mortgage payments to: | Mail other correspondence to: | |
|---|---|---|
| P.O. Box 3220 | P.O. Box 1103 | Statement Date: 11/06/00 |
| Omaha, NE 68103 | Omaha, NE 68101 | Payments received after this date will appear on your next statement |

*Mortgage Payments not accepted at this address*

**Loan Number:** 0013175966

#BWNDXCT
#0930013175966116#

DENISE TREZZA
6190 POLO CLUB DR
CUMMING GA 30040-5713

*(handwritten)* 99/W Pd. 11/28/00 CB #1600 $1742.21

**Property Address:**

6190 POLO CLUB DR
CUMMING GA 30130

**Mortgagor SSN:**

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

## Payment Summary

| | | |
|---|---|---|
| Principal and Interest | $1,742.21 | |
| Escrow | $ .00 | |
| Total Regular Payment Due | $1,742.21 | |

Late Charge of $87.11 will be assessed
If payment is received after 12/16/2000

## Next Payment Summary

| | |
|---|---|
| Date Due | 12/01/00 |
| Principal and Interest | $1,742.21 |
| Escrow | $ .00 |
| Optional Insurance | $ .00 |
| Past Due Payment(s) | $ .00 |
| Unpaid Late Charges/Fees | $ .00 |
| Total Amount Due | $1,742.21 |

## Activity Since Your Last Statement

| Date | Transaction | Amount | Principal | Interest | Escrow | Optional Insurance | Fees & Late Charges | Misc. |
|---|---|---|---|---|---|---|---|---|
| NOV 06 | PAYMENT | $1,742.21 | $778.99 | $963.22 | | | | |
| OCT 10 | PAYMENT | $1,742.21 | $774.79 | $967.42 | | | | |

## Balance Summary

| Current Interest Rate | Current Principal Balance | Interest Paid Year to Date | Current Escrow Balance | Taxes Paid Year to Date | Unapplied Funds Balance |
|---|---|---|---|---|---|
| 6.50000% | $177,045.99 | $9,818.37 | $ .00 | $ .00 | $ .00 |

*Principal Balance Shown is NOT a payoff amount. Please call for payoff information.*

## IMPORTANT INFORMATION

Please mail your payment and the attached payment coupon in the enclosed envelope. If you prefer to make your payment at a branch location, please present the attached coupon with your payment.

# BB&T

BB&T - GEORGIA

STATEMENT DATE
10-30-00

PAGE   1-L

17106
DENISE TREZZA
6190 POLO CLUB DR
CUMMING GA   30040-5713

*Pd. 11/28/00*
*CB. #1599*
*$2180.11*

**A MINIMUM MONTHLY PAYMENT IS REQUIRED FOR EACH
BILLING CYCLE AS STATED IN YOUR AGREEMENT. ANY
AMOUNT OVER THE MINIMUM PAYMENT WILL BE APPLIED
TO THE PRINCIPAL BALANCE NOT NEXT MONTH'S PAYMENT.**

| BB&T HOME EQUITY LINE 0008517005 | | ACCOUNT NUMBER | 5340050349 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| PREVIOUS LOAN BALANCE AS OF | 9-29-00 | | 147,526.91 |
| FINANCE CHARGE | | 888.05+ | |
| 1 OTHER PAYMENTS | | 2,185.73- | |
| NEW LOAN BALANCE AS OF | 10-30-00 | | 146,229.23 |

| | | | |
|---|---|---|---|
| LINE OF CREDIT | 150,000.00 | CLOSING DATE | 10-30-00 |
| AVAILABLE CREDIT | 3,770.77 | PAYMENT DUE DATE | 11-24-00 |
| MINIMUM PAYMENT DUE | 4,379.19 | AVERAGE DAILY BALANCE | 144,456.91 |
| AMOUNT PAST DUE | 2,199.08 | DAYS IN BILLING CYCLE | 30 |
| INTEREST PAID THIS YEAR | 6,349.63 | DAILY PERIODIC RATE | .02049% |
| | | ANNUAL PERCENTAGE RATE | 7.500% |

-------------------------------- CREDIT LINE ACTIVITY --------------------------------

| DESCRIPTION | DATE | AMOUNT |
|---|---|---|
| PERSONAL PAYMENT | 10-02 | 2,185.73 |
| FINANCE CHARGE | 10-30 | 888.05 |

**FOR CURRENT PAYOFF AMOUNT OR QUESTIONS,
PLEASE CONTACT YOUR LOCAL BB&T OFFICE OR ADDRESS WRITTEN INQUIRIES TO
BB&T LOAN SERVICES, POST OFFICE BOX 1626, WILSON, NC 27894-1626**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6273-CR-HUCK-BROWN

UNITED STATES OF AMERICA

        Plaintiff,

                                  AFFIDAVIT OF *Robin Sacks*
                                                   *DENISE TREZZA*

V.

ANTHONY TRENTACOSTA

        Defendant

_____

NAME: *Robin Sacks / Denise TREZZA*

ADDRESS; *6915 Lancaster Circle*

DOB: *1/4/59*

SS#: *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*

      We are the owners of property located at *6340 Buckingham Place* (see Deed). We have owned that property since *Feb 1998*. The property is a *4 Bedroom 2 STORY (see ATTACHMENT)* on *about 3/4 acre* parcel of land. The current market value is *$350,000*. The property is currently encumbered by a mortgage to *Commercial Federal* for $ *197,760* (see Mortgage Statement).

      We agree that this property and the equity therein may be posted for bond for Anthony Trentacosta.

                                                  1

We realize and understand that if Mr. Trentacosta intentionally fails to appear at any time before the court when he is required to do so, this property could be forfeited to the Government.

(Attach Deed and Mortgage Statement to each affidavit.)

STATE OF GEORGIA          )
                          )     ss:
COUNTY OF _Hall_____      )

   Sworn to and subscribed before me this _24_ day of _November_, 2000, by _Robin Sacks / Denise Trezza_ who is personally known to me, or who has produced the following as identification_____.

                                NOTARY PUBLIC
                                STATE OF GEORGIA

                          Notary Public, Hall County Georgia
                          My Commission Expires February 21 2002

2



## Custom Delight
## *Polo Golf & Country Club*



# Seller Looking At All Offers!

6340
Buckingham
Place

Cumming, Ga
30040

# $334,900



## FEATURES

* Large 2 story foyer w/custom stained glasss window
* Foyer flanked by formal dining room & living room w/pocket doors to great room
* 2 story great room w/custom built-ins & lighting. Solid cherry fireplace mantle & built-in counter tops
* Custom kitchen w/tiled counter top & center island; work desk & sunny breakfast area
* Oversized laundry room w/exterior access
* Hardwoods throughtout main
* Master suite has stained glass window & french doors to screened porch w/spiral stairs to lower screened porch
* $2000 allowance to seller for decorating

* Master bath has glass block windows, custom tiled oversized shower, vaulted ceiling, double vanity and whirlpool tub
* 2 walk-in closets w/additional storage areas
* Guest bedroom w/private bathroom
* Two large bedrooms share oversized hall bath
* Terrace level has full bath, rec room & office or exercise room w/private entrance
* Front & back sprinklers
* Custom oversized deck w/split stairs to beautifully land-scaped & lighted private back yard
* Rear yard open and level enough for pool
* Three heating & air systems

# MORTGAGE STATEMENT

**Commercial Federal** Mortgage Corporation

| | |
|---|---|
| Mail mortgage payments to:<br>P.O. Box 3220<br>Omaha, NE 68103 | Mail other correspondence to:<br>P.O. Box 1103<br>Omaha, NE 68101<br>*Mortgage Payments not accepted at this address |

Statement Date: 11/09/00

*Payments received after this date will appear on your next statement*

Loan Number: 0014308402

#BWNDXCT
#0930014308402110#

1364/W

ROBIN SACKS
DENISE TRESSA
6190 POLO CLUB DR
CUMMING GA 30040-5713

*Handwritten: Pd. 11/28/00 CB #137 $1890.73*

Property Address:

6340 BUCKINGHAM PL
CUMMING GA 30040-0000

Mortgagor SSN:

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

## Payment Summary

| | |
|---|---|
| Principal and Interest | $1,392.69 |
| Escrow | $ .00 |
| Total Regular Payment Due | $1,392.69 |

Late Charge of $69.63 will be assessed
If payment is received after 12/16/2000

## Next Payment Summary

| | |
|---|---|
| Date Due | 12/01/00 |
| Principal and Interest | $1,392.69 |
| Escrow | $ .00 |
| Optional Insurance | $ .00 |
| Past Due Payment(s) | $ .00 |
| Unpaid Late Charges/Fees | $ .00 |
| **Total Amount Due** | **$1,392.69** |

## Activity Since Your Last Statement

| Date | Transaction | Amount | Principal | Interest | Escrow | Optional Insurance | Fees & Late Charges | Misc. |
|---|---|---|---|---|---|---|---|---|
| NOV 09 | CURTAILMENT | $599.47 | $599.47 | | | | | |
| NOV 09 | PAYMENT | $1,392.69 | $254.79 | $1,137.90 | | | | |
| OCT 10 | CURTAILMENT | $1,992.16 | $1,992.16 | | | | | |
| OCT 10 | PAYMENT | $1,392.69 | $241.99 | $1,150.70 | | | | |

## Balance Summary

| Current Interest Rate | Current Principal Balance | Interest Paid Year to Date | Current Escrow Balance | Taxes Paid Year to Date | Unapplied Funds Balance |
|---|---|---|---|---|---|
| 6.87500% | $197,760.79 | $11,582.63 | $ .00 | $ .00 | $ .00 |

*Principal Balance Shown is NOT a payoff amount. Please call for payoff information.*

## IMPORTANT INFORMATION

Please mail your payment and the attached payment coupon in the enclosed envelope. If you prefer to make your payment at a branch location, please present the attached coupon with your payment.

Forsyth County Georgia
Clerks Office Superior Court
Filed for record on the _____ 6
day of ___May___ 19 99
at 11:40 o'clock A.M. Recorded in
Book _____ Page _____
day of __5-11__, 19 99
__Douglas Sorrells__ Clerk, By __

Forsyth County, Georgia
Real Estate Transfer Tax

Paid ___0___

Date __5-6-99__

__Douglas Sorrells__ By
Clerk of the Superior Court

Return Recorded Document to:
GLENN F. SHERMAN & ASSOCIATES, P. C.
1955 Lower Roswell Road Suite B
Marietta, GA 30068

pd - pct

DOCUMENT PREPARATION
**QUITCLAIM DEED**

STATE OF GEORGIA          COUNTY OF __Forsyth__

THIS INDENTURE, Made the 29th day of **April** 1999, between **Robin Sacks**, of the County of __Forsyth__, and the State of GA, as party or parties of the first part, hereinafter called Grantor, and **Robin Sacks and Denise Trezza** of the county of __Fulton__, and the **State of Georgia**, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that : Grantor, for and in consideration of the sum of one dollar ($1.00) and other valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, by these presents does hereby remise, convey and forever **QUITCLAIM** unto the said Grantee,

All that tract or parcel of land lying and being in Land Lots 242 & 263 of the 2nd District, 1st Section, Forsyth County, Georgia, being Lot 240, Phase Four, Sheet Two of Polo Fields Subdivision, as per plat recorded in Plat Book 30, Page 75, Forsyth County, Georgia, Records, which plat is incorporated herein by this reference and made a part hereof.

TO HAVE AND TO HOLD the said described premises to grantee, so that neither grantor nor any person or persons claiming under grantor shall at any time, by any means or ways, have, claim or demand any right to title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered in the
presence of:

_____
(Unofficial witness)

_____
(Notary Public)

_Robin Sacks_ (Seal)
**Robin Sacks**

_____ (Seal)

_____ (Seal)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6273-CR-HUCK-BROWN

UNITED STATES OF AMERICA

        Plaintiff,

                            AFFIDAVIT OF *Robin Sacks*

V.

ANTHONY TRENTACOSTA

        Defendant

_____

NAME: *Robin Sacks*

ADDRESS: *6915 Lancaster Circle, Cumming GA 30041*

DOB: *1/4/59*

SS#: *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*

    I am the owner of property located at *6915 Lancaster Circle*
(see Deed). I have owned that property since *July 1998*. The property
is a *4BR, 3B, ON A SLAB - 3200 Square feet SPLIT RANCH 3 CAR GAR* on
*about ½ acre* parcel of land. The current market value is
*about $300*. The property is currently encumbered by a mortgage to
*Commercial Federal* for $*208,000* (see
Mortgage Statement).

    I agree that this property and the equity therein may be posted for bond for
Anthony Trentacosta.

1

I realize and understand that if Mr.Trentacosta intentionally fails to appear at any time before the court when he is required to do so, this property could be forfeited to the Government.

*Robin Sacks*

(Attach Deed and Mortgage Statement to each affidavit.)

STATE OF GEORGIA          )
                          )          **ss**:
COUNTY OF __Hall__        )

    Sworn to and subscribed before me this __24__ day of __November__,
2000, by __Robin Sacks__, who is personally known to me, or who
has produced the following as identification __Drivers Lis__.

*Debbie M. Ethridge*
NOTARY PUBLIC
STATE OF GEORGIA

Notary Public. Hall County  Georgia
My Commission Expires February 21  2002

2

BK 1521 PG 0540

Forsyth County
Clerks Office Superior Court
Filed for record on the _18_
day of _____ 19 99
at _9:25_ o'clock _A_ M. Recorded in
Book _____ Page_____
day of _6-23_____, 19 99
_Douglas Sorrells_, Clerk

Forsyth County, Georgia
Real Estate Transfer Tax
Paid _265.00_
Date _June 18, 1999_
_Douglas Sorrells_ By
Clerk of the Superior Court

Return Recorded Document to:
GLENN F. SHERMAN & ASSOCIATES, P. C.
1955 Lower Roswell Road Suite B
Marietta, GA 30068

# W A R R A N T Y   D E E D

STATE OF GEORGIA

COUNTY OF Cobb                                   File #: **99346**

**This Indenture** made this **16th** day of **June, 1999**, between **MaCauley Properties, Limited**  , of the County of Cobb, State of Georgia, as party or parties of the first part, hereinunder called Grantor, and **Robin Sacks**  , as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**W I T N E S S E T H that:**  Grantor, for and in consideration of the sum of **TEN AND 00/100'S ($10.00) Dollars** and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

**All that tract or parcel of land lying and being in Land Lot 313, 2nd District, 1st Section, Forsyth County, Georgia, being Lot 607, Polo Golf and Country Club, as per plat recorded in Plat Book 51, Page 268, Forsyth County records, which plat is incorporated herein and made a part hereof by reference.**

**This Deed is given subject to all easements and restrictions of record, if any.**

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE.**

described property unto the said Grantee

# Commercial Federal Mortgage Corporation

Mail mortgage payments to:
P.O. Box 3220
Omaha, NE 68103

Mail other correspondence to:
P.O. Box 1103
Omaha, NE 68101

*Mortgage Payments not accepted at this address

Statement Date: 10/05/00

Payments received after this date will appear on your next statement

Loan Number: 0015132004

#BWNDXCT
#0930015132004105#

2056/W

ROBIN SACKS
5444 LITTLE NECK PKWY
APT 2R
LITTLE NECK NY 11362-2215

Property Address:

6915 LANCASTER CIR
CUMMING GA 30040-0000

Mortgagor SSN:

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

## Payment Summary

| | |
|---|---|
| Principal and Interest | $1,410.44 |
| Escrow | $ .00 |
| Total Regular Payment Due | $1,410.44 |

Late Charge of $70.52 will be assessed
If payment is received after 11/16/2000

## Next Payment Summary

| | |
|---|---|
| Date Due | 11/01/00 |
| Principal and Interest | $1,410.44 |
| Escrow | $ .00 |
| Optional Insurance | $ .00 |
| Past Due Payment(s) | $ .00 |
| Unpaid Late Charges/Fees | $ .00 |
| Total Amount Due | $1,410.44 |

## Activity Since Your Last Statement

| Date | Transaction | Amount | Principal | Interest | Escrow | Optional Insurance | Fees & Late Charges | Misc. |
|---|---|---|---|---|---|---|---|---|
| OCT 05 | PAYMENT | $1,410.44 | $188.52 | $1,221.92 | | | | |

## Balance Summary

| Current Interest Rate | Current Principal Balance | Interest Paid Year to Date | Current Escrow Balance | Taxes Paid Year to Date | Unapplied Funds Balance |
|---|---|---|---|---|---|
| 7.00000% | $209,284.24 | $11,036.16 | $ .00 | $ .00 | $ .00 |

*Principal Balance Shown is NOT a payoff amount. Please call for payoff information.*

## IMPORTANT INFORMATION

Please mail your payment and the attached payment coupon in the enclosed envelope. If you prefer to make your payment at a branch location, please present the attached coupon with your payment.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 00-6273-CR-HUCK-BROWN**

UNITED STATES OF AMERICA

     Plaintiff,

AFFIDAVIT OF _Vincent J. Ferrara_

V.

ANTHONY TRENTACOSTA

     Defendant

---

NAME: _Vincent J. Ferrara_

ADDRESS: _10300 Camelback Lane Boca Raton FL 33498-4719_

DOB: _5/21/40_

SS#: _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_

I am the owner of property located at _90-03 Liberty Ave Ozone Park N.Y. 11417-1336_

(see Deed). I have owned that property since _Dec 1988_. The property

is a _Commercial Building Class A_ on

_40 FT × 80 FT_ parcel of land. The current market value is

_At least $300,000.°°_ The property is currently NOT encumbered ~~by a mortgage to~~ _N/A_

_____ for $ _0_ (see

Mortgage Statement).

     I agree that this property and the equity therein may be posted for bond for

Anthony Trentacosta.

I realize and understand that if Mr Trentacosta intentionally fails to appear at any time before the court when he is required to do so, this property could be forfeited to the Government.

(Attach Deed and Mortgage Statement to each affidavit.)

STATE OF FLORIDA )
)  ss:
COUNTY OF PALM BEACH )

Sworn to and subscribed before me this ___30___ day of __NOVEMBER__,

2000, by __VINCENT FERRARA__, who is personally known to me, or who

has produced the following as identification __FDL F660 40 181 0__

Sean Paul Monge
MY COMMISSION # CC885132 EXPIRES
November 2, 2005
BONDED THRU TROY FAIN INSURANCE, INC.

NOTARY PUBLIC
STATE OF FLORIDA

11/29/2000   16:30   5164876539   MMN&R   PAGE   01

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 20th day of December , nineteen hundred and eighty-eight
**BETWEEN**
    JOSEPH A. FERRARA, residing at 5 River Road, Rockville Centre, New York;
    STEVEN FERRARA, residing at 116 Roxen Road, Rockville Centre, New York;
    LEONARD FERRARA, residing at 29-56 214th Street, Bayside, New York; and
    VINCENT FERRARA, residing at 54 Arleigh Road, Great Neck, New York

                                        REEL 2801 PAGE 2472

party of the first part, and

    VINCENT FERRARA, residing at 54 Arleigh Road, Great Neck, New York

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the  Borough and County of Queens, City and State of New York,
bounded and described as follows:
BEGINNING at the corner formed by the intersection of the northerly side of
Liberty Avenue and the easterly side of Gherardi Avenue, now known as 90th Street;
RUNNING THENCE northerly along the easterly side of 90th Street, 61.33 feet;
THENCE easterly at right angles to 90th Street, 40.09 feet;
THENCE southerly parallel to 90th Street, 72.73 feet to the northerly side of
Liberty Avenue
THENCE westerly along the northerly side of Liberty Avenue, 41.67 feet to the
point or place of BEGINNING.

PREMISES Known as and by No. 90-03 Liberty Avenue, Richmond Hill, New York

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

                                        _____
                                        JOSEPH A. FERRARA

                                        _____
                                        STEVEN FERRARA

                                        _____
                                        LEONARD FERRARA

STATE OF NEW YORK, COUNTY OF *NASSAU*                    ss:

On the 20th day of December 198Y, before me
personally came
JOSEPH A. FERRARA, STEVEN
FERRARA & LEONARD FERRARA

to me known to be the individual   described in and who
executed the foregoing instrument, and acknowledged that
they executed the same.

_____
Notary Public

NOT*** L. KARETNY
*****LIC, *t*** ** New York
No. 4373-20
Qualified in Nassau County
Term Expires January *** *Y*

STATE OF NEW YORK, COUNTY OF *NASSAU*                    ss:

On the 21st day of December   198f, before me
personally came
VINCENT FERRARA  **REEL 2801 PAGE 2473**

to me known to be the individual   described in and who
executed the foregoing instrument, and acknowledged that
he   executed the same.

_____
Notary Public

MARIE L. KARETNY
NOTARY PUBLIC, State of New York
No. *******
Qualified in Nassau County
Term Expires January 28, 19Y9

STATE OF NEW YORK, COUNTY OF                    ss:

On the        day of          19   , before me
personally came
to me known, who, being by me duly sworn, did depose and
say that   he resides at No.                          ;

that   he is the
of
the corporation described
in and which executed the foregoing instrument; that   he
knows the seal of said corporation; that the seal affixed
to said instrument is such corporate seal; that it was so
affixed by order of the board of directors of said corpora-
tion, and that   he signed h   name thereto by like order.

STATE OF NEW YORK, COUNTY OF                    ss:

On the        day of          19   , before me
personally came
the subscribing witness to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that   he resides at No.                          ;

that   he knows

to be the individual
described in and who executed the foregoing instrument;
that   he, said subscribing witness, was present and saw
execute the same; and that   he, said witness,
at the same time subscribed h   name as witness thereto.

RECEIVED
B......40.2....
REAL ESTATE
APR 28 1989
TRANSFER
QUEENS
COUNTY

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO.

JOSEPH A. FERRARA, STEVEN FERRARA,
LEONARD FERRARA & VINCENT FERRARA

TO

VINCENT FERRARA

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
*First American Title Insurance Company
of New York*

SECTION
BLOCK        9110
LOT          32
COUNTY OR TOWN      Queens

Recorded At Request of
First American Title Insurance Company of New York

RETURN BY MAIL TO:

NEWMARK, LAMB, DOWLING & MARCHISIO
233 SEVENTH STREET
GARDEN CITY, NEW YORK 11530

Zip No.

Case 0:00-cv-06223-PCH   Document 134   Entered on FLSD Docket 12/11/2000   Page 42 of 42



# FINANCE
# NEW•YORK
### THE CITY OF NEW YORK
### DEPARTMENT OF FINANCE

**ANNUAL REAL ESTATE BILL FOR**
**2000 - 2001**

| **OWNER** | FERRARA, VINCENT | **PROPERTY** | 90-03   LIBERTY AVENUE |
|---|---|---|---|

671725400060301

PATRICIA R FERRARA
VINCENT J FERRARA
10300    CAMELBACK LN
BOCA RATON    FL 33498-4719

| **BOROUGH** | QUEENS |
|---|---|
| **BLOCK** | 9110 |
| **LOT** | 32 |

5891

Ialilalllalalililalalalallaaaallllalllalllaaaldll

| **TAX CLASS:** 4 | **PROPERTY TYPE:**  GARAGE GAS GAR ONE STRY |
|---|---|

**CALCULATION OF CHARGE:**

| | |
|---|---|
| ASSESSED VALUE | 58,860 |
| TAXABLE VALUE | 58,860 |
| X       9.989%   TAX RATE | |

---------------

| REAL ESTATE GENERAL TAX | 5,879.52 |
|---|---|

---------------

| ** TOTAL TAX DUE ** | 5,879.52 |
|---|---|

*Pd $2,939.76  6/12/00*
*ck# 2046*

GRACE PERIODS ARE 07/03/00, 01/02/01.
SEE REVERSE SIDE FOR MORE INFORMATION ON GRACE PERIODS.
USE THE COUPON BELOW TO MAKE A FULL YEAR PAYMENT.

18

FULL YR PYMT COUPON 07/01/00 - 06/30/01        22222      QUEENS
DUE DATE   07/01/00   PAY BY   07/03/00