kbnd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**
　　　　Plaintiff,

v. *ANTHONY TRENTACOSTA* # 95851-004
　　　　Defendant,
_____/

APPEARANCE BOND: XL3227
CASE NO.: 00-6273-HUCK-BROWN

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 500,000. ** CSB.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

　　1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

　　2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

　　3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:
6190 Polo Club Dr. Cummings GA. 30040.

　　4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

　　5. Shall not commit any act in violation of state or federal laws



DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT: Anthony Trentacosta
CASE NO: 00-6273-Huck-Beach

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

_√_ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.
___ b. Report to Pretrial Services as follows:_____
___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___ d. Maintain or actively seek full-time gainful employment.
___ e. Maintain or begin an educational program.
___ f. Avoid all contact with victims of or witnesses to the crimes charged.
___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew:_____
___ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.
___ j. Comply with the following additional conditions of this bond: *House Arrest with Elec tro mon, Surr-Passport,    See Attach = Document.*

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: [handwritten]
CASE NO: 00-6273 Huck-Brown

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 20 day of November, 2000, at Miami, Florida.
Signed and acknowledged before me:
WITNESS: Bill Kibbir / Bill Kbb
ADDRESS: 33 NC 4th St. Miami, FL ZIP 33132
FDC Miami, Unit Monkson

DEFENDANT: (Signature) [signed]
ADDRESS: 6190 Polo Club Drive
Cumming, Ga. ZIP 30040
TELEPHONE: (770) 781-5262

### CORPORATE SURETY

Signed this 8 day of Jan., 1901, at Miami, Florida.
SURETY: Allegheny Casual Co.
ADDRESS: 1674 NW 17 Rd, Mi. Fl ZIP 33125

AGENT: (Signature) [signed]
PRINT NAME: Howard R Elliott
TELEPHONE: 305-365-8258

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 19 __, at _____
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____ ZIP _____
TELEPHONE: _____

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
ADDRESS: _____ ZIP _____
TELEPHONE: _____

### APPROVAL BY COURT

Date: 01-08-01

[signature]
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

# POWER OF ATTORNEY

**Allegheny Casualty Company**
Meadville, Pennsylvania 16335

XL **No. 3227**

KNOW ALL MEN BY THESE PRESENTS, that ALLEGHENY CASUALTY COMPANY, a Pennsylvania Corporation, having its principal office in the City of Meadville, County of Crawford, State of Pennsylvania, does hereby make, constitute and appoint _Howard R. Elliot_ in the City of _Miami_, County of _Dade_, State of **FLORIDA**, with limited authority, its true and lawful Agent and Attorney-in-Fact, with full power and authority hereby conferred, to sign, execute, acknowledge, and deliver for and on its behalf as Surety, subject to the limitation as herein set forth, any and all papers and documents necessary or incidental to making of a criminal bail bond not to exceed the sum of **FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS*****************

Name of Defendant _Anthony Trentacosta_    Date Executed _1-8-01_
Offense _Consp. Rack._    Amount of Bond _500,000_

The acknowledgement and execution of any such document by the said Attorney-in-Fact shall be as binding upon this Company as if such bond had been executed and acknowledged by the regularly elected officers of this Company.

All authority hereby conferred shall expire and terminate without notice, at midnight on __12/31/2001__.

ALLEGHENY CASUALTY COMPANY further certifies that the following is a true and exact copy of a resolution of the Board of Directors of ALLEGHENY CASUALTY COMPANY, duly adopted and now in force, to-wit: "All bonds of ALLEGHENY CASUALTY COMPANY shall be executed in the corporate name of the Company by its President, Vice-President, Secretary, or by an Agent and Attorney-in-Fact duly made, constituted, and appointed by the President, Vice-President, or Secretary of ALLEGHENY CASUALTY COMPANY." The Corporate Seal is not necessary for the validity of any bonds of the Company. **This Power of Attorney is not valid for Immigration Bonds.**

IN WITNESS WHEREOF, the said ALLEGHENY CASUALTY COMPANY has caused these presents to be executed by its officer this 2nd day of January, 1998.

ALLEGHENY CASUALTY COMPANY

By _Marie A. Perricone_
Secretary

STATE OF PENNSYLVANIA } ss:
COUNTY OF CRAWFORD }

On this 2nd day of January, 1998, before me, a Notary Public, personally appeared MARIE A. PERRICONE, who being by me duly sworn, acknowledged that she signed the above Power of Attorney as Secretary of the said ALLEGHENY CASUALTY COMPANY and acknowledged said instrument to be the voluntary act and deed of said corporation.

Sworn to before me this
2nd day of January, 1998

_Cheryl D. Howard_ Notary Public
MEADVILLE, CRAWFORD COUNTY, PA 16335
MY COMMISSION EXPIRES DECEMBER 8, 2001



Form B27A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK-BROWN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ANTHONY TRENTACOSTA,
    Defendant.
_____/

FILED by ___ D.C.
NOV 21 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER CLARIFYING CONDITIONS OF PRETRIAL RELEASE

**THIS CAUSE** is before the Court on the Government's Motion to Clarify the Court's Order on Appeal of Magistrate's Order Denying Motion for Pretrial Detention and Setting Conditions of Pretrial Release. On November 16, 2000 the Court entered an Order setting pretrial release of the defendant Anthony Trentacosta. The Court having reviewed said motion to clarify filed by the Government and the Defendant's Response to Governments Motion to Clarify therein and the Court being fully advised as to the facts and circumstances of this case, it is

**ORDERED AND ADJUDGED** that the Government's Motion to Clarify pretrial release conditions is hereby **GRANTED**. As clarified, those conditions are:

1) $500,000 Corporate Surety Bond with Nebbia, to be approved by Magistrate Judge Stephen T. Brown.
2) House arrest with electronic monitoring.
3) Surrender any passport.
4) Abstain from alcohol.
5) Court order defendant to remain in his home at all times except to seek medical treatment in New York, consult with his attorney, and travel to the Southern District of Florida to answer said indictment with those activities to be monitored by Pretrial



Services.

6) Court order that the defendant maintain one land line telephone line at his residence, that all cellular telephones are prohibited on the premises.
7) The defendant is prohibited from utilizing any communication device except the land line telephone at his residence, including any pay telephones, cellular telephones or any other communication devices outside of his residence.
8) The government is permitted to electronically monitor and/or record all communications occurring over the sole telephone facility to which the defendant is permitted access, and the defendant is require to post a notice on that telephone facility that the communications occurring thereon are being monitored and/or recorded by the government.
9) No contact with any alleged victim or witness;
10) Any reasonable law enforcement search so as to insure his compliance with any and all bond conditions.
11) Any other reasonable condition as this Court deems appropriate.

**DONE AND ORDERED** in Miami, Florida 20 day of November 2000.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc: Honorable Stephen T. Brown
all counsel of record