UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

01 MAR 30 PM 12: 46

CASE NO. 00-6273-CR HUCK/BROWN

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA

VS.

ANTHONY TRENTACOSTA

**MOTION TO SUPPRESS
WIRETAP EVIDENCE**

_____/

COMES NOW the defendant, Anthony Trentacosta, through undersigned counsel, and moves this court to suppress, as evidence to be used against him, any and all evidence gathered through use of a wiretap/electronic surveillance in this cause. He would state:

1. The defendant Anthony Trentacosta would respectfully adopt the arguments and authorities of other co-defendants with respect to the suppression of the wiretap/electronic surveillance evidence obtained by the government in this cause.

2. Counsel has learned that the government has intercepted conversations between Mr. Trentacosta and his wife, some lasting 20-30 minutes which do not appear to have been minimized.

Mr. Trentacosta would first submit that the marital privilege concerning private conversations between husband and wife would apply and require the suppression of any such conversations.



Additionally, the continued interception of 20 minutes of innocent conversations between husband and wife clearly reveal that the interception of these communications was not minimized and that all intercepted communications must, thus be Suppressed.

Title 18 U. S. C. § 2518 (5) requires that electronic interceptions "shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception."

In *U. S. v. Macklin*, 902 F. 2nd 1320 (8th Cir. 1990), the Court in considering this issue stated:

> In considering whether the government's conduct was reasonable, a reviewing court must consider a variety of factors, including the scope of the enterprise, the agent's reasonable expectation of the content of a call, the extent of judicial supervision, length and origin of a call, and use of coded or ambiguous languages.
>
> (P. 1328).

In *U.S. v. Bamkston*, 182 F. 3rd 296 (5th Cir. 1999), the Court stated:

> The Government's efforts to minimize now relevant conversations must be "objectively reasonable" in light of the circumstances confronting the interceptor.
>
> (P. 307)

And,

> We consider three factors in deciding the objective reasonableness of efforts to minimize; (1) the "nature and scope of the criminal enterprise under investigation"; (2) the "Government's reasonable inferences of the character of a conversation from the

parties to it"; and (3) the "extent of judicial supervision."

(P. 307)

It is submitted that regular judicial supervision would not have permitted the innocent conversations between husband and wife. It is submitted that the government had no reasonable expectation that a conversation between Mr. And Mrs. Trentacosta would result in interceptions of evidentiary value.

With respect to what procedure can be used to minimize such interceptions, the Court, in <u>U.S. v. Wright</u>, 121 Florida Supreme 2nd 1344 (D. Kan. 2000) stated:

> Consequently, the interception of the first two or three minutes of no pertinent calls may be proper, particularly during the early period of the investigation when agents are trying "to determine identity of speakers and significance of conversations".

(P. 1348).

There is no justification for intercepting 20-30 minute of a personal conversation between a husband and wife.

Applying the above principles to the instant case, it is clear that the governments did not adhere to the minimization requirements of the Intercept Statute and that the conversations intercepted must be suppressed.

WHEREFORE, relying upon the foregoing fact, arguments and authorities, the Defendant, Anthony Trentacosta, prays that this Motion to Suppress be Granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by mail to Larry Del Vecchio, Assistant United States Attorney at 500 East Broward Blvd. 7th Floor, Ft. Lauderdale, Florida 33394, on this 30th day of March 2001.

        Respectfully submitted,

        THE LAW OFFICES OF
        RICHARD K. HOULIHAN
        Attorney for Trentacosta
        300 Aragon Avenue, Suite 310
        Coral Gables, Florida 33134
        305-442-1522

        Richard K. Houlihan, Esquire
        Florida Bar No. 238139

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this **30** day of **March**, 2001 to: UNITED STATES ATTORNEY'S OFFICE, LARRY LaVECCIO, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Fl. 33394; and to:

Jeffrey Weinkle, Esq.
1035 NW 11th Ave
Miami, Fl. 33136

Fred Haddad, Esq.
101 NE Third Avenue
Suite 202
Ft. Lauderdale, FL 33301
(Attorney for Massaro)

Samuel D. Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Michael Smith, Esq.
633 SE 3rd Avenue
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

Richard K. Houlihan, P.A.
300 Aragon Ave., #310
Coral Gables, Fl. 33134
Tel: 305-442-1522
Rkhoulihan@aol.com