00-6273.ou

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY TRENTACOSTA, et al,

    Defendant.
_____/

## ORDER DENYING MOTION TO SEVER

**This Cause** is before the Court on Defendant Anthony Trentacosta's Motion to Sever (D.E. 227). The Court having reviewed the Motion and the Response, **FINDS** as follows:

### I. Facts

Count 1 of the twenty five (25) count indictment charges nine Defendants, including Trentacosta, with RICO Conspiracy. Defendant is not charged in any of the remaining counts.[1] Defendant moves to sever on the grounds that he is only charged in Count 1 of the indictment. Additionally, Trentacosta argues that his participation in the conspiracy alleged in Count 1 is based

---

[1] Counts 2 through 16 charge Defendants Frederick Massaro, Ariel Hernandez and Julius Bruce Chiusano with fraud. Count 17 charges Defendants Massaro and Hernandez with conspiracy to murder Jeanette Smith in aid of racketeering. Count 18 charges Defendants Massaro and Hernandez with murder of Jeanette Smith in aid of racketeering. Count 19 charges Defendants Adam Todd Silverman, Charles Patrick Monico and Anthony Raymond Banks with assisting Defendants Massaro and Hernandez "in order to hinder and prevent their apprehension, trial and punishment." Count 20 charges Defendants Massaro and Carlos Garcia with conspiracy to murder Hernandez. Count 21 charges Defendants Frederick Massaro, Hernandez and Chiusano with making and uttering counterfeit securities. Count 22 charges Defendants Massaro and Francis Ruggiero with making "extortionate extensions of credit." Count 23 charges Defendants Massaro, Ruggiero, Silverman and Garcia with using "extortionate means to collect and attempt to collect extensions of credit." Count 23 charges Defendant Massaro with possessing goods stolen from an interstate shipment of property. Count 25 charges Defendant Massaro with possessing a firearm in and affecting commerce.

1

on the allegation that he assumed Anthony Ruggiero's place as "control of the crew" on or about March 19, 1999, after Ruggiero died. Defendant notes that Counts 2 through 13 allege fraudulent acts occurring prior to March 19, 1999. Additionally, Counts 17 and 18 allege that Defendants Massaro and Hernandez allegedly first conspired to murder Jeanette Smith in or about March, 1999, and that the actual murder occurred on March 20, 1999. Defendant argues that there is no allegation in these counts that Defendant Trentacosta knew of or aided in the conspiracy in any way, or that he knew or participated in Counts 19 through 25.

## II. Severance based on misjoinder of counts and defendants

To the extent Defendant argues that the counts with which he is not charged are not properly joined with the RICO conspiracy count, Fed.R.Crim.P. 8(a) provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connecting together or constituting part of a common scheme or plan.

The Government responds that the pattern of racketeering activity consisted of all of the acts alleged in the indictment, including the murder charges, which were undertaken in order to advance the interests of the enterprise.[2] Accordingly, this Court finds that Defendant is not entitled to a severance of counts pursuant to Fed.R.Crim.P. 8(a). Defendant's argument that counts should be

---

[2]Paragraph 4 of Count 1 alleges that the pattern of racketeering "consisted of multiple acts or threats involving Murder, in violation of Section 782.04 Florida Statutes; and Extortion, in violation of Section 836.05 Florida Statutes; and acts which are indictable under the following provisions: Making Extortionate Extensions of Credit, in violation of Title 18, United States Code, Section 892; Financing Extortionate Extensions of Credit, in violation of Title 18, United States Code, Section 893; Collection of Extensions of Credit by Extortionate Means, in violation of Title 18, United States Code, Section 894, Fraud and Related Activity in Connection with Identification Documents and Information, in violation of Title 18, United States Code, Section 1028; Bank Fraud, in violation of Title 18 United States Code, Section 1344, Theft from Interstate Shipments in violation of Title 18, United States Code, Section 659; Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951; and Obstruction of Justice, in violation of Title 18, United States Code, Section 1503.

2

severed because the acts allegedly occurred prior to taking over as leader is misplaced. In United States v. Corbin, 734 F.2d 643 (11th Cir.1984), the Eleventh Circuit stated that ""[o]nce it is demonstrated that a defendant joins an ongoing conspiracy with knowledge of its general purpose and scope, he is bound by all that has gone on before in the conspiracy, even if it is unknown to him." Id. at 652.

Similarly, with respect to Defendant's joinder with co-defendants, Fed.R.Crim.P. 8(b) provides, in pertinent part:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses.

The test of whether defendants are properly joined under Rule 8(b) is whether "there is a common thread between the actions charged against them." United States v. Saget, 991 F.2d 702, 707 (11th Cir. 1993). "The government is not required to prove that a conspirator had full knowledge of all the details of the conspiracy; knowledge of the essential nature of the plan is sufficient." United States v. McLain, 823 F.2d at 1457, 1467 (11th Cir. 1987), overruled on other grounds as recognized by United States v. Watson, 866 F.2d 381, 385 n.3 (11th Cir. 1989) (quoting United States v. Brasseuz, 509 F.2d 157, 160 n. 3 (5th Cir. 1975)).

In United States v. Bright, the former Fifth Circuit stated:

> It is true that the defendants in this case were alleged to have committed different predicate crimes. Indeed, if this was not a RICO case, the defendants would have a valid argument of misjoinder - those defendants alleged to have extorted money from tonk operators hardly engaged in the same "series of acts or transactions" as the defendants who allegedly paid bribes to the sheriff to operate as a monopoly. The gist of the RICO offense, however, is that the defendant, through a pattern of predicate crimes, furthered a racketeering enterprise. The offense charged here is not the commission of the predicate crimes but the furthering of the enterprise. United States v. Elliot, 571 F.2d 880 (5th Cir.), cert. denied, 439 U.S. 953, 99 S. Ct. 349, 58 L.Ed.2d 344 (1978). Thus viewed, it is clear the defendants were alleged to have participated in the same offense and joinder was not improper under Rule 8.

3

630 F.2d 804, 813-14 (5th Cir. 1980); see also United States v. Elliot, 571 F.2d at 902-03 (stating "under the [RICO] statute, it is irrelevant that each defendant participated in the enterprise's affairs through different, even unrelated crimes, so long as we may reasonably infer that each crime was intended to further the enterprise's affairs.").

Because Defendant Trentacosta is alleged to have participated in the RICO conspiracy alleged in Count 1, and the other defendants are named in the underlying acts counts, Defendant Trentacosta has been properly joined with the other Defendants under Rule 8(b).

### III. Prejudice

Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires...

Defendant argues that he will be unduly prejudiced if he is tried with the other defendants, essentially arguing that he will be prejudiced by evidence of the underlying crimes in which he did not participate.

The Eleventh Circuit has stated that in general, persons charged together should be tried together, particularly in conspiracy cases. Saget, 991 F.2d at 707. Severance may be granted only where the defendants can demonstrate a specific, clear and compelling prejudice which could not be alleviated by the trial court and which will result in the defendant's inability to obtain a fair trial. Id.; see also United States v. Varella, 692 F.2d 1352 (11th Cir. 1982). A defendant is not entitled to a severance merely because the evidence against a co-defendant is greater or there may be some "overspill." United States v. Capo, 693 F.2d 1330 (11th Cir. 1982). Rather, the prejudice alleged must be compelling. Id.

This Court finds that Defendant Trentacosta has failed to make the required showing of

4

compelling prejudice. Defendant particularly complains that he will be prejudiced by the evidence concerning the murder conspiracy relative to, and the murder of, Jeanette Smith, allegedly by Defendants Massaro and Hernandez. The Government notes that although it currently has no evidence that Defendant Trentacosta was aware of the murder of Jeanette Smith prior to its commission, it intends to present evidence that he was involved in the subsequent conspiracy to murder Ariel Hernandez. Therefore, Defendant's argument that he will be prejudiced by evidence of the Smith murder because it associates him with violent acts is less than compelling.

Finally, the Government correctly points out that even if Defendant were severed, because the defendants allegedly participated in a single RICO conspiracy, the evidence complained of would still be admissible against the Defendant in a separate trial as acts of co-conspirators in the furtherance of a conspiracy. See United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988).

### IV. Co-Conspirator Statements

Defendant also makes the conclusory argument that some of the Co-Defendants have allegedly confessed, and that these alleged confessions cannot be sufficiently redacted to remove him from the jury's consideration when the confessions are introduced into evidence. Because Defendant has failed to provide this Court with the specific statements at issue, this Court is unable to determine whether redaction may cure any possible prejudice to Defendant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Anthony Trentacosta's Motion to Sever is hereby **DENIED**.

**DONE AND ORDERED** this 7th day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      counsel on attached list

5

Lawrence D. LaVecchio, Esq. (AUSA)
Richard Houlihan, Esq.
Samuel Deluca, Esq.
Jeffrey Weinkle, Esq.
Donald Spadero, Esq.
Michael Smith, Esq.
Fred Haddad, Esq.
Albert Levin, Esq.
Thomas Almon, Esq.
Manuel Gonzalez, Esq.
William D. Matthewman, Esq.
Christopher A. Grillo, Esq.