NIGHT BOX
FILED

AUG 23 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,          :

        PLAINTIFF,          :

v.          :

ANTHONY TRENTACOSTA, et al.,          :

        DEFENDANTS.          :

---

### GOVERNMENT'S OBJECTION TO THE DEFENDANT TRENTACOSTA'S MOTION FOR SUBSTITUTION OF COUNSEL

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its objection to the motion which was filed on August 15, 2001 seeking substitution of counsel in the instant case on behalf of defendant Anthony Trentacosta. It is the government's position that the Court should not grant the aforesaid motion unless substitute counsel asserts that he will be ready and available to commence trial on the currently scheduled date of November 19, 2001.

### FACTS

The instant indictment, which charges the defendant Trentacosta and eight co-defendants, was returned on September 19, 2000. On September 26, 2000, the defendant Trentacosta was arrested. From that date through July 2001, the defendant asserted that he was without funds to hire

1

an attorney. Consequently, on October 17, 2000, Richard Houlihan, Esquire, was appointed to represent the defendant Trentacosta in this matter. Since his appointment, Mr. Houlihan has continuously engaged in the representation of the defendant, has filed motions in this case, and has sought, received and reviewed discovery material.[1] In July 2001, the defendant Trentacosta notified Pretrial Services of his intention to dismiss Mr. Houlihan and to retain private counsel. Thereafter, this Court conducted a hearing, with the defendant attending via telephone conference. At that hearing, the defendant advised this Court that he was interviewing attorneys and anticipated hiring private counsel. This Court informed the defendant, inter alia, that whomever he retained must be prepared to commence trial on November 19, 2001. Thereafter, on August 15, 2001, attorney Stephen H. Rosen filed his Motion to Substitute as Counsel of Record in this case, which was granted by this Court on that same date.[2]

## ARGUMENT

The instant case has been pending for almost one year. During that time, a great deal of work has been accomplished by all counsel in preparation for the Court's firmly set trial date of November 19, 2001. New counsel will have the benefit of all the preparation which has taken place to date by prior counsel and by counsel for co-defendants. Moreover, almost three months remain until the

---

[1] Among the motions filed by Mr. Houlihan was a motion seeking severance of the defendant Trentacosta's case from that of his co-defendants (DE 227). That Motion was denied by Magistrate Judge Brown in a written order dated August 7, 2001.

[2] Significantly, the Motion in question asserts that Mr. Houlihan had no objection to the granting of same. However, the government's position was never sought prior to the filing of this Motion. S.D.Fla.L.R. 88.9(A) states, in pertinent part, that "motions in a criminal case shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in an effort in good faith to resolve by agreement the subject matter of any motion ..." Had Mr. Rosen conferred with government counsel as required, the Court would have been advised of the instant objection at that time.

2

commencement of trial, which constitutes ample time for new counsel to complete his preparations. However, the availability of Mr. Rosen to prepare for, and to commence, trial on the date currently set merits consideration by this Court in determining whether it should grant, or should have granted, the defendant's Motion for Substitution of Counsel.[3] The government respectfully suggests that this issue should properly be determined at this juncture so as to avoid this Court's being later presented with the prospect of a delay in these proceedings which was avoidable. "[W]hen the inability of retained counsel to serve gives promise of unreasonable delay, the Court may require the defendant to secure other counsel." United States v. Bentvena, 319 F.2d 916, 936 (2d Cir. 1963). In Gandy v. State of Alabama, 569 F.2d 1318, 1324 (5th Cir. 1978), the court set forth the following factors to be weighed by the trial judge in determining whether to grant a continuance in order to enable a defendant to have counsel of his choice: (1) the length of the requested delay; (2) whether the lead counsel has an associate who is adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the balanced convenience or inconvenience to litigants, witnesses, opposing counsel, and the court; (5) whether the requested delay is for a legitimate reason or whether it is dilatory and contrived; and (6) whether there are other unique factors present. After weighing these factors, the appellate courts have upheld the propriety of a trial court's refusal to continue a case due to the unavailability of a defendant's counsel of choice. See, United States v. Barrentine, 591 F.2d 1069 (5th Cir.) (defendant required to accept law partner of his counsel of choice due to unavailability), cert. denied, 100 S.Ct. 521 (1979); United States v. Mitchell, 777 F.2d 248 (5th Cir. 1985) (defendant required to stand trial unrepresented due to unavailability of his

---

[3]During a conversation with government co-counsel Jeffrey Sloman which occurred on August 22, 2001, Mr. Rosen stated that he currently has cases set for trial which will infringe upon his ability to be ready to commence trial in this case on the currently scheduled date.

counsel of choice), cert. denied, 106 S.Ct. 1493 (1986); United States v. Scopo, 861 F.2d 339 (2d Cir. 1988) (defendant required to accept appointed stand-by counsel, and proceed pro se, after failing to obtain substitute counsel for his unavailable counsel of choice), cert. denied, 109 S.Ct. 1957 (1989); United States v. Cicale, 691 F.2d 95 (2d Cir. 1982) (defendant required to obtain substitute counsel given unavailability of his counsel of choice), cert. denied, 103 S.Ct. 1771 (1983).

WHEREFORE, the government respectfully requests that, prior to allowing Mr. Rosen to continue as substitute counsel for the defendant Trentacosta, the Court conduct inquiry as to Mr. Rosen's availability to prepare for, and proceed to, trial on the currently scheduled date.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAWRENCE D. LaVECCHIO
Assistant U.S. Attorney
Fla. Bar No. 0305405
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
(954) 356-7255/(954) 356-7230 - fax

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 23RD day of August 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

Stephen H. Rosen, Esq. **(for Anthony Trentacosta)**
Suite 1020
1221 Brickell Avenue
Miami, Florida 33131

LAWRENCE D. LaVECCHIO
Assistant United States Attorney

5