00-6273.rr7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY TRENTACOSTA, et. al.

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This Cause is before the Court on Defendant Trentacosta's Motion to Suppress Wiretap Evidence (D.E. 228). The Court has reviewed the motion, the response, and all pertinent portions of the file.

### Facts and Discussion

Defendant moves to suppress at trial all evidence gathered through use of wiretap/electronic surveillance in this case. Defendant argues that "the Government has intercepted conversations between Mr. Trentacosta and his wife, some lasting 20-30 minutes which do not appear to have been minimized."

Title 18 U.S.C. § 2518(5) provides that ""[e]very order ... shall contain a provision that the authorization to intercept ... shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception...." In <u>Scott v. United States</u>, 436 U.S. 128 (1978), the Court noted that this section

> does not forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to "minimize" the interception of such conversations. Whether the agents have

in fact conducted the wiretap in such a manner will depend on the facts and circumstances of each case.

Id. at 140.

The court "must make an objective assessment of the monitoring agents' actions in light of the facts and circumstances confronting them at the time." United States v. Moody, 977 F.2d 1425, 1433 (11th Cir. 1992) (citing Scott, 436 U.S. at 136). Indeed, the Supreme Court recognized in Scott:

> In determining whether the agents properly minimized, it is also important to consider the circumstances of the wiretap. For example, when the investigation is focusing on what is thought to be a widespread conspiracy more extensive surveillance may be justified in an attempt to determine the precise scope of the enterprise. And it is possible that many more of the conversations will be permissibly interceptible because they will involve one or more of the co-conspirators.

436 U.S. at 140. The Government notes that in this case,

> ... The initial wiretap application established that Frederick J. Massaro was an associate of the Gambino Family who was sharing the proceeds from his illicit activities with Anthony Trentacosta, a Gambino Family soldier. Trentacosta has no known assets in his own name, however significant assets are held in the name of his wife, Denise Trezza. Moreover, two cellular telephones for which interception was authorized were subscribed to Father & Son Moving and Storage of Jacksonville, Florida, a business in which Massaro is a one-half owner. Father & Son of Jacksonville pays a monthly "consulting fee" to Denise Trezza. Thus, in light of the widespread nature of the conspiracy, and consistent with Judge Dimitrouleas' stated objectives of the wiretap order (which included the acquisition of evidence establishing "the identities of the participants" and "the locations and persons to which proceeds derived from criminal activity is transmitted"), it was objectively reasonable for the monitoring agents to listen to the conversations of Denise Trezza.

Resp. at 8.

The Eleventh Circuit has stated that "[a] motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985).

For example, in United States v. Cirillo, 499 F.2d 872, 881 (2d Cir. 1974), the court found that "[i]n the absence of any evidence that a substantial number of nonpertinent conversations had been intercepted unreasonably, the court was justified in denying appellants' suppression motion without holding a full adversary-type hearing." (emphasis added). Other motions filed in this case have revealed that thousands of calls were intercepted in this investigation. In light of this fact, as well as the overall nature of the investigation, the Court finds that Defendant's conclusory allegation regarding the Government's failure to minimize is insufficient to warrant relief. See also United States v. Giacalone, 853 F.2d 482 (6th Cir. 1988).

Defendant additionally argues that the marital privilege concerning private conversations between husband and wife would apply and require suppression of any such conversations. The Government responds that Defendant's argument is premature, and that if the privilege applies, the remedy would be for the Court to deny introduction of any such statements after analysis under Fed.R.Evid. 501 as to whether Defendant's wife was a co-conspirator, and therefore, whether such statements fit within the crime-fraud exception. See United States v. Entrekin, 624 F.2d 597 (11th Cir. 1980). This Court finds merit in the Government's position.

### Recommendation

Based on the foregoing, this Court respectfully recommends that Defendant Trentacosta's Motion to Suppress Wiretap Evidence be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d

745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 5th day of September, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Paul C. Huck
AUSA Lawrence D. LaVecchio
Richard Houlihan, Esq.
Fred Haddad, Esq.
Samuel D. DeLuca, Esq.
Jeffrey Weinkle, Esq.
Donald Spadaro, Esq.
Michael G. Smith, Esq.
Albert Z. Levin, Esq.
Manuel Gonzales, Esq.
Thomas Almon, Esq.