

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY TRENTACOSTA et al.,

       Defendants.
_____/

## GOVERNMENT'S MEMORANDUM REGARDING THE USE OF EXPERT TESTIMONY ON ORGANIZED CRIME

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Memorandum regarding the admissibility and use of expert testimony on organized crime in the instant case.

The government intends to offer at trial herein the testimony of F.B.I. Supervisory Special Agent George Gabriel to explain the structure of the Gambino La Cosa Nostra (LCN) Organized Crime Family, its methods of operation, and the relationships of the defendants to that criminal enterprise.[1]  Such "structure evidence" is admissible because "the average jury, although exposed

---

[1] Agent Gabriel's qualifications in this area were set out during his prior testimony in eleven different cases, the transcripts of which have been given by the government to defense counsel in the instant case.

to a good deal of television and newspaper publicity, is likely to know very little about the methods of operation of organized crime. In order to conduct a trial it is necessary to assume that the trier of fact has a great deal of familiarity with the way the relevant institution or organization operates." United States v. Gallo, 118 F.R.D. 316, 317 (E.D.N.Y. 1987). See also, United States v. Locascio, 6 F.3d 924, 937 (2d Cir. 1993), wherein the court stated the following:

> We continue to believe that despite the unfortunate fact that our society has become increasingly familiar with organized crime and its activities from such sources as newspapers, movies, television, and books, it is still a reasonable assumption that jurors are not well versed in the structure and methods of organized crime families. Moreover, much of the information gleaned from such sources may be inaccurate.

In the present case, the defendants' membership in, or association with, the Gambino Organized Crime Family is an element of the offense charged in Count 1 of the indictment. Where, as here, the defendants' membership in, and association with, an organized crime family is part of the events charged in the indictment, expert testimony concerning the nature and structure of organized crime, including requirements for membership, rules of conduct, the code of silence, the meaning of jargon, and general methods of operation, is properly admitted. United States v. Locascio, supra, 6 F.3d at 936; United States v. Gambino, 59 F.3d 353, 367 (2d Cir. 1995); United States v. Amuso, 21 F.3d 1251, 1263-64 (2d Cir. 1994); United States v. Pungitore, 910 F.2d 1084, 1148-49 (3rd Cir. 1990); United States v. Angiulo, 847 F.2d 956, 973-75 (1st Cir. 1988); United States v. Daly, 842 F.2d 1380, 1388 (2nd Cir. 1988); United States v. Tocco, 200 F.3d 401, 418-19 (6th Cir. 2000)..

Under circumstances far less compelling than those in the instant case, the Eleventh Circuit has held that expert testimony concerning the hierarchy and structure of the Gambino Family, and

the roles of each position within the Family, is admissible as general structure evidence of organized crime "for the purpose of providing the jury with a complete understanding of the crime charged." United States v. Van Dorn, 925 F.2d 1331, 1338 (11th Cir. 1991). In Van Dorn, "structure evidence" in the form of expert testimony of a New York State Strike Force investigator was admissible even though such testimony was not "directly connected to the appellants or to the activities for which they were being tried." Id., 925 F.2d at 1339. In so holding, the court stated the following:

> This Circuit has long allowed the admission of "structure evidence" for the purpose of providing the jury with a complete understanding of the crime charged ... It has thus been held that,
>> Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.
>
> United States v. Williford, 764 F.2d at 1499 (citing United States v. Mills, 704 F.2d at 1559).

United States v. Van Dorn, 925 F.2d at 1338. See also, United States v. Daly, supra, 842 F.2d at 1388 (evidence concerning the structure of organized crime admissible to prove "background" for the crime charged, even if the evidence "does not directly establish an element of the offense"); United States v. Schweihs, 1989 WL 117963 (N.D.Ill. 1989) (expert testimony admitted to explain assumption of extortion proceeds, known as "street taxes," by one organized crime member upon the death or incarceration of another organized crime member). In the case at bar, wherein the defendants' membership in or association with the organized crime family is an element of the offense, the admission of expert testimony in this regard is logically mandated.

In arriving at his conclusions in this area, Agent Gabriel will have relied upon his experience, numerous audiotapes and videotapes which he has reviewed during his career, as well as statements from informants and others who cannot be identified for the defense, as to do so would jeopardize their lives. The expert's reliance upon hearsay and inadmissible evidence in reaching his opinions, is permissible under Rule 703, Fed.R.Evid. As the Second Circuit has pointed out:

> According to Rule 703, the facts that form the basis for an expert's opinions or inferences need not be admissible in evidence "[i]f of a type reasonably relied upon by experts in the particular field." Fed.R.Evid. 703 (emphasis added). Thus, expert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions. See Daly, 842 F.2d at 1387 (holding that organized crime expert can rely on otherwise inadmissible hearsay in forming his opinion); cf. Reardon v. Manson, 806 F.2d 39, 42 (2d Cir. 1986) (holding that reliance by experts on information provided by others does not violate Sixth Amendment rights if expert is available for cross examination), cert. denied, 481 U.S. 1020, 107 S.Ct. 1903, 95 L.Ed.2d 509 (1987). Therefore, Schiliro [the FBI expert] was entitled to rely upon hearsay as to such matters as the structure and operating rules of organized crime families and the identification of specific voices heard on tape in forming his opinion, since there is little question that law enforcement agents routinely and reasonably rely upon such hearsay in the course of their duties. An expert who meets the test of Rule 702, as Schiliro does, is assumed "to have the skill to properly evaluate the hearsay, giving it probative force appropriate to the circumstances." In re "Agent Orange" Product Liability Litigation, 611 F.Supp. 1223, 1245 (E.D.N.Y. 1985) aff'd, 818 F.2d 187 (2d Cir. 1987), cert. denied, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988). The fact that Schiliro relied upon inadmissible evidence is therefore less an issue of admissibility for the court than an issue of credibility for the jury. See United States v. Young, 745 F.2d 733, 761 (2d Cir. 1984) (pointing out that the defendants were free to expose the weaknesses in the prosecution's widespread use of expert testimony through cross examination), cert. denied, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985).

United States v. Locascio, supra, 6 F.3d at 938. Accord, United States v. Mulder, 2001 WL 1359974*5 (2d Cir. 2001). Furthermore, it is not necessary for the district court to conduct a "mandatory and explicit trustworthiness analysis" in admitting an FBI agent's expert testimony of

"structure evidence." United States v. Locascio, supra, 6 F.3d at 938-39; United States v. Mulder, supra.. An FBI agent may provide expert testimony of "structure evidence" even though an accomplice also provided similar testimony. United States v. Locascio, supra, 6 F.3d at 939. See also, United States v. Amuso, supra, 21 F.3d at 1263-64. Moreover, pursuant to Rule 704, Fed.R.Evid., an FBI agent may provide expert testimony of "structure evidence" even though such testimony concerns the ultimate issue of fact to be decided by the jury. United States v. Pungitore, supra, 910 F.2d at 1148-49.

In addition to testifying concerning the aforesaid matters relating to the structure, membership and methods of operation of the Gambino LCN Family, Agent Gabriel will explain for the jury the significance and meaning of certain jargon utilized by the defendants during intercepted conversations which are admitted at trial, and the identities of other LCN members and associates to whom the defendants refer during these conversations. The courts have universally held such testimony to be admissible under Rule 702, Fed.R.Evid. United States v. Locascio, supra, 6 F.3d at 937; United States v. Skowronski, 968 F.2d 242, 246-47 (2d Cir. 1992); United States v. Lamattina, 889 F.2d 1191, 1193-94 (1st Cir. 1989); United States v. Tutino, 883 F.2d 1125, 1133-34 (2d Cir. 1989); United States v. Pinelli, 890 F.2d 1461, 1474 (10th Cir. 1989); United States v. Ardito, 782 F.2d 358, 363 (2d Cir. 1984); United States v. Riccobene, 709 F.2d 214, 230-31 (3rd Cir. 1983); United States v. Barletta, 565 F.2d 985, 992 (8th Cir. 1977); United States v. Vastola, 899 F.2d 211, 232-34 (3rd Cir. 1990).

## CONCLUSION

WHEREFORE, the government respectfully submits that the expert testimony of F.B.I. SSA

George Gabriel concerning the "structure evidence" of the Gambino Organized Crime Family of La Cosa Nostra should properly be admitted at trial.

                                                Respectfully submitted,

                                                GUY A. LEWIS
                                                UNITED STATES ATTORNEY

BY:        _____
               LAWRENCE D. LaVECCHIO
               ASSISTANT UNITED STATES ATTORNEY
               Fla Bar. No.0305405
               500 E. Broward Blvd., Suite 700
               Fort Lauderdale, Florida 33394
               Telephone No. (954) 356-7255
               Telefax No. (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by facsimile and by U.S. mail to the following on this 15th day of November 2001.

Stephen H. Rosen, Esq. **(for Anthony Trentacosta)**
Suite 1020
1221 Brickell Avenue
Miami, Florida 33131
fax- (305) 371-6966

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
fax- (954) 760-4421

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136
fax- (305) 545-8514

LAWRENCE D. LaVECCHIO
Assistant United States Attorney