UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

        PLAINTIFF,

v.

ANTHONY TRENTACOSTA et al.,

        DEFENDANTS.
_____/



FILED by _____ D.C.

DEC 1 1 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## GOVERNMENT'S REQUEST FOR JUDICIAL NOTICE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Request, pursuant to Rule 201(d), Fed.R.Evid., that this Honorable Court take judicial notice of the following fact:

> Section 687.071 Florida Statutes provides that any person making an extension of credit to any person who shall knowingly and willfully charge, take or receive interest thereon at a rate exceeding 25 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires to do so, shall be guilty of criminal usury and, further, that no such extension of credit shall be an enforceable debt in the courts of the State of Florida.

Rule 201(d), Fed.R.Evid., provides that the court's taking of judicial notice is mandatory when the requesting party supplies the Court with the necessary information. A copy of Section 687.071 Florida Statutes is attached hereto.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        LAWRENCE D. LaVECCHIO
        Assistant U.S. Attorney
        Fla. Bar No. 0305405
        500 E. Broward Blvd., Ste. 700
        Ft. Lauderdale, FL 33394
        (305) 356-7255
        (305) 356-7230 - Fax



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered to the following on this 11th day of December 2001.

Stephen H. Rosen, Esq. **(for Anthony Trentacosta)**
Suite 1020
1221 Brickell Avenue
Miami, Florida 33131

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

LAWRENCE D. LaVECCHIO
Assistant United States Attorney

FL ST S 687.071                                                                     Page 13
West's F.S.A. § 687.071

WEST'S FLORIDA STATUTES ANNOTATED
TITLE XXXIX. COMMERCIAL RELATIONS
CHAPTER 687. INTEREST AND **USURY**; LENDING PRACTICES

Copr. © West Group 2001. All rights reserved.

Current through End of 2001 1st Reg. Sess.

687.071. Criminal **usury,** loan sharking; shylocking

(1) Definitions.--The following words and phrases, as used in this section, shall have the following meanings:

(a) "Person" shall be construed to be defined as provided in s. 1.01.

(b) "Creditor" means any person who makes an extension of credit or any person claiming by, under, or through such person.

(c) "Debtor" means any person who receives an extension of credit or any person who guarantees the repayment of a loan of money for another person.

(d) "Extension of credit" means to make or renew a loan of money or any agreement for forbearance to enforce the collection of such loan.

(e) "Extortionate extension of credit" means any extension of credit whereby it is the understanding of the creditor and the debtor at the time an extension of credit is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person.

(f) "Loan shark" or "shylock" means any person as defined herein who lends money unlawfully under subsection (2), subsection (3), or subsection (4).

(g) "Loan sharking" or "shylocking" means the act of any person as defined herein lending money unlawfully under subsection (2), subsection (3), or subsection (4).

(2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(3) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest thereon at a rate exceeding 45 percent per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly or conspire so to do, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(4) Any person who shall knowingly and willfully make an extortionate extension of credit to any person or conspire so to do shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In any prosecution under this subsection, evidence that the creditor then had a reputation in the debtor's community for the use or threat of use of violence or other criminal means to cause harm to the person, reputation, or property of any person to collect extensions of credit or to punish the nonrepayment thereof shall be admissible.

(5) Books of account or other documents recording extensions of credit in violation of subsections (3) or (4) are declared to be contraband, and any person, other than a public officer in the performance of his or her duty, and other than the person charged such usurious interest and person acting on his or her behalf, who shall knowingly and

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

FL ST S 687.071 Page 14

willfully possess or maintain such books of account or other documents, or conspire so to do, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(6) No person shall be excused from attending and testifying or producing any books, paper, or other document before any court upon any investigation, proceeding, or trial, for any violation of this section upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of the person may tend to convict him or her of a crime or subject the person to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he or she may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against the person upon any criminal investigation or proceeding.

(7) No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.

CREDIT(S)

2001 Electronic Pocket Part Update

Amended by Laws 1997, c. 97-102, § 747, eff. July 1, 1997.

HISTORICAL AND STATUTORY NOTES

2001 Electronic Pocket Part Update

Laws 1997, c. 97-102, eff. July 1, 1997, removed gender-specific references applicable to human beings from volume 4 of the Florida Statutes without substantive changes in legal effect.

1990 Main Volume

Derivation:
Laws 1971, c. 71-136, § 676.
Laws 1969, c. 69-135, § 1.

Laws 1971, c. 71-136, § 676, rewrote subsecs. (2), (3), (4), and (5), which formerly read:

"(2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest thereon at a rate exceeding twenty-five per cent (25%) per annum but not in excess of forty-five per cent (45%), per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not more than six (6) months or by fine of not more than five hundred dollars ($500.00) or by both such fine and imprisonment.

"(3) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest thereon at a rate exceeding forty-five per cent (45%) per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly or conspires so to do, shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not more than five years or by fine of not more than five thousand dollars ($5,000.00) or by both such fine and imprisonment.

"(4) Any person who shall knowingly and willfully make an extortionate extension of credit to any person or conspires so to do shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not more than ten (10) years or by fine of not more than ten thousand dollars ($10,000.00) or by both such fine and imprisonment. In any prosecution under this subsection, evidence that the creditor then had a reputation in the debtor's community for the use or threat of use of violence or other criminal means to cause harm to the person, reputation or property of any person to collect extensions of credit or to punish the nonrepayment thereof

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

FL ST S 687.071            **Page 15**

shall be admissible.

"(5) Books of account or other documents recording extensions of credit in violation of subsections (3) or (4) are declared to be contraband and any person, other than a public officer in the performance of his duty, and other than the person charged such usurious interest and person acting on his behalf, who shall knowingly and willfully possess or maintain such books of account or other documents, or conspire so to do, shall be guilty of a misdemeanor and upon conviction thereof be imprisoned in the county jail for not more than one (1) year or by fine not exceeding five hundred dollars ($500.00) or by both such fine and imprisonment."

West's F. S. A. § 687.071

FL ST § 687.071

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works