UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE # 00-6273-CR-HUCK

v.

ANTHONY TRENTACOSTA,
a/k/a/ "Tony Pep", et al.
_____/



## MOTION FOR RELEASE PENDING SENTENCING

COMES NOW the defendant, ANTHONY TRENTACOSTA, by and through undersigned counsel, and pursuant to 18 U.S.C. § 3143(a) files this motion for release pending sentencing, and in support thereof says,

### FACTS

1. That on September 26, 2000, ANTHONY TRENTACOSTA appeared before Honorable Joel E. Feldman, in the Northern District of Georgia, for an Initial Appearance in reference to the Indictment No. 00-6273-CR-Huck, on the charge of Conspiracy to Commit Racketeering (RICO).

2. That the Honorable Joel E. Feldman ordered a $500,000.00 secured bond with the following special conditions of release: electronic monitoring, surrender passport, travel restricted to Southern District of Florida, Northern District of Georgia, and the Southern District of New York.

3. That on November 20, 2000, ANTHONY TRENTACOSTA's bond was modified to the following conditions:

    a) $500,000.00CSB with Nebbia, to be approved by U.S. Magistrate Judge Brown;

    b) House arrest with electronic monitoring to be paid by Pretrial Services;

1



c) Surrender any passport (surrendered to Pretrial Services in Georgia);

d) Abstain from alcohol;

e) Court ordered defendant to remain in his home at all times except to seek medical treatment, in New York, for cancer, consult with his attorney, and travel to the Southern District of Florida to answer said Indictment No. 00-6273-CR-Huck, with those activities to be monitored by Pretrial Services;

f) Court ordered that ANTHONY TRENTACOSTA maintain one land line telephone line at his residence, that all cellular telephones were prohibited on the premises;

g) ANTHONY TRENTACOSTA was prohibited from utilizing any communication device except the land line telephone at his residence, including any pay telephones, cellular telephones or any other communication devices outside of his residence;

h) The government was permitted to electronically monitor and/or record all communications occurring over the sole telephone facility to which the defendant was permitted access, and ANTHONY TRENTACOSTA was required to post a notice on that telephone facility that the communications occurring thereon are being monitored and/or recorded by the government;

i) ANTHONY TRENTACOSTA was to have no contact with any alleged victim or witness;

j) Any reasonable law enforcement search so as to insure his compliance with any and all bond conditions; and

k) any other reasonable condition as deemed appropriate by the Court.

4.   That on January 8, 2001, ANTHONY TRENTACOSTA was released on bond and he returned to his residence in Cummings, Georgia.

5.   That on August 16, 2001, an order was granted whereby ANTHONY TRENTACOSTA was allowed to travel to Miami, Florida between the dates of August 16 - 21, 2001, to meet with undersigned counsel.

6.   That ANTHONY TRENTACOSTA has traveled to Miami, Florida to meet with his attorney on numerous occasions.

7.   That ANTHONY TRENTACOSTA is being supervised by Donna E. Andrews, Senior U.S. Probation Officer and no violations of any conditions of bond have been reported since his release.

## MEMORANDUM OF LAW

### Law Controlling Release Pending Sentence

The law controlling the release of a person convicted of a crime but not yet sentenced, is set forth in 18 U.S.C. § 3143(a)(1):

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

The provisions of § 3143(a)(2) are not applicable herein, because the jury, in a special verdict form, determined that ANTHONY TRENTACOSTA was not guilty of any violent crimes (18 U.S.C..

3142 (f)(2)(A)); nor does this offense involve the predicates of 18 U.S.C. 3142 (f)(2)(B) & (C) required to invoke § 3143(a)(2). Therefore, this Court should order the release of ANTHONY TRENTACOSTA in accordance with section § 3142(b) or (c), if it finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

Conditions of Release

ANTHONY TRENTACOSTA's conditions for release pending trial, listed in paragraph no. 3 above, were qualified pursuant to § 3142 (c). When setting the above listed conditions of release, the Court determined that these conditions would assure the appearance of ANTHONY TRENTACOSTA as required, and as well assure the safety of any persons and the community. The Court's assessment of ANTHONY TRENTACOSTA, in the context of his being a flight risk or a threat to persons or the community prior to trial, has been proved to have been correct; and the pre-trial release of ANTHONY TRENTACOSTA well warranted.

At no time during his pre-trial release under the above listed conditions did ANTHONY TRENTACOSTA violate the terms of his release. It is noteworthy to observe that up until the jury's verdict, ANTHONY TRENTACOSTA was facing life imprisonment without the possibility of parole. Yet, ANTHONY TRENTACOSTA always appeared in court when summonsed to do so, always complied with the conditions of his pre-trial bond, and approached the Court if a need to modify the conditions arose. The fact that he is facing a small term of imprisonment, makes it is more probable that ANTHONY TRENTACOSTA will comply with the same terms of release pending sentencing.

Accountability for Relevant Conduct

Anthony Trentacosta's relevant conduct in determining his base offense level should not include the criminal conduct of the other members of the conspiracy committed prior to his joining the conspiracy. The standard is set forth in U.S.S.G. § 1B1.3(a)(1)(B), which provides:

> [I]n the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

This application note defines the conduct for which Trentacosta should be held accountable after his entry into the conspiracy:

> A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant's joining the conspiracy is not included as relevant conduct in determining the defendant's offense level).

*See also United States v. Word*, 129 F.3d 1209 (11th Cir. 1997) and *United States v. Perulena*, 146 F.3d 1332 (11th Cir. 1998).

Guideline Sentence Range of Imprisonment

The counts in the indictment, which are applicable in calculating ANTHONY

5

TRENTACOSTA's Base Offense Level are 1, 14, 15, 16, & 24.[1]  The applicable section of the sentencing guidelines is § 2E1.1:

> Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations
>
> (a) Base Offense Level (Apply the greater):
>
> (1) 19; or
>
> (2) the offense level applicable to the underlying racketeering activity.

In calculating the offense level applicable to the underlying racketeering activity where there are multiple underlying offenses, we look to U.S.S.G. §§ 3D1.1 & 3D1.4:

| Count | Offense Level |
|---|---|
| 1 | 19 (§ 2E1.1) |
| 14, 15, 16   (Grouped and increased)[2] | 7 (§ 2F1.1) |
| 24[3] | 9 (§ 2F1.1) |

In determining if the combined offense level, pursuant to § 3D1.1, the highest offense level in the group is taken and, if appropriate, increased according to the formula in § 3D1.4. Therefore, with the highest offense level being 19 (Count 1), and with all other offense levels being discarded because they are 9 levels or more less serious that level 19, the resulting Base Offense Level is 19.

---

1. Counts 2 - 13 occurred prior to ANTHONY TRENTACOSTA joining the conspiracy. Counts 17, 18, 19, and 20 involved the agreement to commit murder in violation of § 782.04 Florida Statutes, and the jury found that ANTHONY TRENTACOSTA did not join in that agreement. The evidence at trial proved that the conduct underlying counts 21, 22, and 23 occurred prior to ANTHONY TRENTACOSTA joining the conspiracy.  The jury returned a verdict of not guilty as to count 25.

2. Total grouped value less than $5,000 - increase 1 level.

3. Value less than $20,000 - increase 3 levels.

Further, under § 3B1.1, Aggravating Role, the court must determine, based on a defendant's role in the offense, if any enhancement for that role is required. The leader or organizer of the criminal activity actually employed by the enterprise was co-Defendant Massaro. Without conceding that a role enhancement is appropriate for Trentacosta, at most a 3 level enhancement under 3B1.1(b) would apply. Thus, if his offense level is enhanced for such a role, the increase of 3 levels added to the base offense level of 19 results in a Total Offense Level of 22. The defendant has a Criminal History Category of 1. Therefore ANTHONY TRENTACOSTA will be subject to a sentence range of 41 - 51 months imprisonment.

WHEREFORE, ANTHONY TRENTACOSTA, by and through under signed counsel, requests this Court to grant the within motion and release him pending sentencing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed to on this 19 day of Dec, 2001 to:

AUSA, Lawrence LaVecchio
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394

Fred Haddad, Esq. (Attorney for Fredrick J. Massaro)
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394
954-467-6767

Jeffrey Weinkle, Esq. (Attorney for Ariel Hernandez)
1035 NW 11th Avenue
Miami, FL 33136

LAW OFFICES OF STEPHEN H. ROSEN, P.A.
1221 Brickell Avenue
Suite 1020
Miami, Florida 33131
Florida Bar No. 154144
(305) 358-6789

_____
STEPHEN H. ROSEN
Counsel for Defendant Trentacosta