UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA )
                         )
v.                       )
                         )
ANTHONY TRENTACOSTA      )
_____)

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

Comes Now the United of America, by and through the undersigned Assistant United States Attorney, and files this Response in Opposition to the Defendant's Motion for Release Pending Sentencing.

### FACTS

The defendant was convicted on December 15, 2001 of Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d). At trial, the evidence established that the defendant was a member of the Gambino Crime Family who was responsible for the oversight of a crew of individuals. That crew engaged in a pattern of racketeering activity which included acts of violence involving, <u>inter alia</u>, murder and extortion. Contrary to the assertions in the defendant's Motion, the evidence at trial established that the defendant's association with the enterprise pre-dated the death of Anthony "Fat Andy" Ruggiano on March 19, 1999. The evidence established that the defendant was associated with, and directed the affairs of, the enterprise as far back as



1992. Therefore, the defendant's relevant conduct in the instant case includes all those acts of violence which were proven at trial.[1]

MEMORANDUM OF LAW

I.  Under the Applicable Statutes the Defendant is
    not Eligible for Release Pending Sentencing

The Defendant's Motion incorrectly applies the standards set

---

[1] Parenthetically, even if the defendant's relevant conduct was limited to those acts proven at trial which occurred subsequent to March 19, 1999, he would still be liable for those acts involving extortion, extortionate credit transactions, and the conspiracy to murder Ariel Hernandez. Application Note 1(1) to Section 1B1.1, USSG, defines the term "offense" as "the offense of conviction and all relevant conduct under Section 1B1.3 (Relevant Conduct) ..." Section 1B1.3, in pertinent part, provides that relevant conduct includes "all acts or omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, ... or that otherwise were in furtherance of that offense." Therefore, the Court may increase a defendant's base offense level to account for "relevant conduct" which was part of the same course of conduct or common scheme as the convicted offense, even if the defendant was not charged with or convicted of carrying out those acts. See, United States v. Carrozza, 4 F.3d 70, 80 (1st Cir. 1993) ("Relevant conduct increases a defendant's sentence, sometimes very significantly, despite the fact that it was not charged in an indictment ... and even despite the fact that a jury may have acquitted the defendant for that precise conduct."). In the instant case, the convicted offense is RICO conspiracy. There can be no serious argument but that the extortionate loansharking activity and the conspiracy to murder Ariel Hernandez were in furtherance of that offense. Consequently, the instant offense is properly categorized as a crime of violence, and the defendant Trentacosta will properly be sentenced accordingly. At a minimum, under USSG Section 2A1.5, the defendant's base offense level will be 28, and could be as high as level 43 under USSG Section 2A1.1. These calculations do not take into consideration appropriate upward role adjustments and the potential for an upward departure based upon the defendant's admitted organized crime membership. See, United States v. Damico, 99 F.3d 1431, 1439 (7th Cir. 1996).

forth in Title 18, United States Code, Section 3143(a)(1) to the issue of his release pending sentencing. In fact, given the charge upon which he was convicted, the defendant is ineligible for release on bond. Title 18, United States Code, Section 3143(a)(2) provides that where, as here, the defendant has been convicted of a crime of violence and will be sentenced to a term of imprisonment, the Court shall order that he be detained pending sentence.[2] See, United States v. Koon, 6 F.3d 561, 562 (9th Cir. 1993) ("Congress has declared that all persons who are found guilty of crimes of violence must be detained -- even though they individually pose no risk of flight and danger to the community and despite the fact that they may raise substantial issues on appeal -- unless they clearly show "exceptional reasons" why detention is

---

[2] Title 18, United States Code, Section 3143(a)(2) must be read in pari materia with Title 18, United States Code, Section 3142(f)(1)(A) (defining a "crime of violence" as an offense for which release pending sentencing is prohibited). The crimes of murder, and murder conspiracy, clearly are crimes of violence. The crime of extortion, and the RICO charges which incorporated that offense, also constitute crimes of violence within the purview of Title 18, United States Code, Section 3143. See, Title 18, United States Code, Section 16 (defining a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); United States v. Gonzalez-Lopez, 911 F.2d 542, 546 (11th Cir. 1990) (whether an offense is a crime of violence is a legal inquiry as opposed to a factual inquiry; the Court is permitted to examine only the elements of the offense, not the conduct of the defendant in the particular case), cert. denied, 500 U.S. 933 (1991). See also, USSG § 4B1.2, Application Note 2 (defining extortion as a crime of violence, per se); United States v. DeLuca, 17 F.3d 6, 8-10 (1st Cir. 1994) (violation of state extortion statute constitutes crime of violence, even though it incorporates the use of threats other than threats of physical harm).

inappropriate.") In the case at bar, the defendant has advanced no such "exceptional reasons" so as to support his release on bail and, as such, his Motion must properly be denied.

> II. The Defendant has not met his Burden Justifying Release Under Title 18, United States Code, Section 3143(a)(1)

Notwithstanding the aforesaid bar to his release posed by Title 18, United States Code, Section 3143(a)(2), the defendant has not met the more liberal threshold set forth in Title 18, United States Code, Section 3143(a)(1). Under that Section, a convicted defendant who will be sentenced to a term of imprisonment, and who does not stand convicted of a crime of violence, shall still be detained pending appeal unless the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to the community if released. The burden is on the defendant to establish these elements. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985), cert. denied, 497 U.S. 1018 (1986). In this regard the defendant has failed woefully.

Firstly, the government submits that the record herein does not support a finding of this Court, by clear and convincing evidence, that the defendant is not likely to flee if released. While it is true that, to date, the defendant has appeared when required for all court proceedings, these appearances occurred prior to the defendant's conviction and the anticipated imposition of a significant prison term. The defendant obviously has

financial resources, yet he has no verifiable sources of income and no assets in his own name. Presumptively, the defendant has the financial ability to flee and live comfortably outside the jurisdiction of the Court.[3] Quite simply, the defendant has set forth no credible reason or proof that he would appear for sentencing. Hence the defendant has failed to establish, by clear and convincing evidence, that he is not a risk of flight.

Secondly, the defendant has failed to establish that he does not pose a danger to the community if released. To the contrary, the evidence at trial established beyond a reasonable doubt that the defendant is member of one of the most powerful organized crime families in the country, and that this organization sustains itself through every type of criminal behavior, including murder. The evidence established that the defendant is a full time criminal. Under the circumstances, the defendant has not, and cannot, meet his burden of showing by clear and convincing evidence that his release does not present a danger to the community. See, e.g., United States v. Tortora, 922 F.2d 880, 885 (1st Cir. 1990) (holding that the defendant's membership in La Cosa Nostra was a highly relevant consideration in determining his dangerousness to the

---

[3]As set forth hereinabove, it is the defendant's burden to establish these facts. The government hereby submits, as an offer of proof should the defendant come forward with any evidence in this regard, that the government is in possession of evidence which establishes that the defendant, on more than one occasion, has expressed his intention to flee rather than to face imprisonment.

community under the pretrial detention statute, finding that the defendant "is being judged, as he should be, as an individual, with one relevant characteristic being his devotion to the Mafia and his pledge to violate the law whenever necessary to further its ends").

Wherefore, the government respectfully submits that the Defendant's Motion, having failed in all respects to sustain his burden, must properly be denied.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        LAWRENCE D. LaVECCHIO
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0305405
        500 E. Broward Blvd., Ste 700
        Fort Lauderdale, Florida 33394
        (954) 356-7255/356-7228 - fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by facsimile on this 21st day of December 2001 to Stephen H. Rosen, Esquire, Suite 1020, 1221 Brickell Avenue, Miami, Florida 33131, facsimile (305) 371-6966.

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY