UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE # 00-6273-CR-HUCK

v.

ANTHONY TRENTACOSTA,
a/k/a/ "Tony Pep", et al.
_____/

## MOTION FOR JUDGMENT OF ACQUITTAL

COMES NOW the defendant, ANTHONY TRENTACOSTA, by and through undersigned counsel, and pursuant to Fed.R.Crim.P., Rule 29(c) files this motion for judgment of acquittal, and in support thereof says,

## JURISDICTION

The jurisdiction of this Court to enter a judgment of acquittal, notwithstanding the guilty verdict of the jury, is provided for in Fed.R.Crim.P., Rule 29(c):

> If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal.

The Court permitted counsel 21 additional days to file post trial motions.

## FACTS

Trentacosta was charged in Count 1 of an indictment alleging that he violated the RICO conspiracy statute - 18 § 1962 (d). The remaining counts of the indictment, counts 2 - 25, alleged various substantive crimes, crimes of which Trentacosta was not charged.

1



Counts 2 - 13 and Counts 21 - 23 occurred prior to ANTHONY TRENTACOSTA agreeing to join and support the objectives of the conspiracy charged in Count 1. Counts 17, 18, 19,and 20 involved agreements to commit murder in violation of § 782.04 Florida Statutes, and the jury found that ANTHONY TRENTACOSTA was not a member of the conspiracy and therefore did not join in that agreement. The jury returned a verdict of not guilty as to Count 25. The sole remaining substantive count of the conspiracy, which Trentacosta was convicted, is Count 24 which alleges the possession of stolen property by co-defendant Massaro.

## MEMORANDUM OF LAW

The jury's verdict was that Trentacosta was guilty of a violation of § 1962(d), and this section provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section." And in order to know what a person must conspire to do in order to be convicted of violating § 1962(d) - the RICO conspiracy statute; it is necessary to consider § 1962(c) which sets forth the elements necessary to prove a substantive RICO offense. This section provides that: "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Additionally, to understand the definition of the term "pattern of racketeering activity", which is set forth in § 1961(5) as at least two acts of racketeering activity within ten years of each other. In summary, to be in violation of §1962(d) a person must conspire to conduct or participate, directly or indirectly, in the conduct of a criminal enterprise's affairs through a pattern of racketeering activity, i.e., two acts of racketeering activity within at least ten years of each other.

Whereas, the government is not required to prove that a person accused of violating the RICO

conspiracy statute actually committed the acts of racketeering, it must prove that the accused objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity, i.e., the commission of at least two racketeering acts. In *U.S. v. Beasley*, 72 F.3d 1518 (11th Cir.1996), the court noted the law in this circuit as to the burden of the government in establishing an accused's involvement in a RICO conspiracy:

> It is well settled that in order to establish a defendant's involvement in a RICO conspiracy, the government need only prove that a defendant, by his words or actions, objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity, i.e., the commission of at least two racketeering acts. *United States v. Fernandez*, 797 F.2d 943, 950 (11th Cir.1986), cert. denied, 483 U.S. 1006, 107 S.Ct. 3230, 97 L.Ed.2d 736 (1987); 18 U.S.C. § 1961(1)(A).

72 F.3d at 1526. In *Fernandez*, the court opined:

> We hold that the above conversation between Cheo and Fernandez clearly demonstrates an agreement by Fernandez to participate in the affairs of Cheo's enterprise. Fernandez knowingly agreed to further the objective of the enterprise (narcotics smuggling) by agreeing to kidnap and murder an individual who had stolen from the enterprise and whose conduct, if allowed to go unpunished, would compromise the integrity and reputation of the enterprise. By his own words, Fernandez agreed to commit the two predicate acts necessary to form the basis of the RICO charges. Under Florida law, the conspiracy is complete "once the intent is formed and the agreement made." *Ethridge v. State*, 415 So.2d 864, 864 (Fla.Ct.App.1982). The government need not prove that the defendant undertook any overt act in furtherance of the conspiracy. Id. The evidence amply demonstrates Fernandez' intent and agreement to forcibly abduct and confine Rogelio against his will with the intent to commit or facilitate murder or to inflict bodily harm upon him. See Fla.Stat.Ann. § 787.01(1)(a) (Supp.1986) (Florida kidnapping statute). The evidence also clearly demonstrates Fernandez' intent and agreement to unlawfully kill Rogelio. See Fla.Stat.Ann. § 782.04 (Supp.1986) (Florida murder statute). Fernandez not only agreed that Rogelio must be killed, but also that he (Fernandez) would do the killing himself. Therefore, we conclude that the evidence sufficiently

shows an agreement by Fernandez to violate RICO through the agreements to kidnap and murder Rogelio.

797 F.2d at 950-951.

WHEREFORE, there is only one count remaining to be considered as an act of racketeering by the conspiracy, which Trentacosta allegedly agreed to join, and therefore, not the required two acts of racketeering to show a pattern of racketeering activity. The evidence fails to support a conviction of Trentacosta as to Count 1, and this Court should enter an order acquitting him of that Count.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed to on this 3rd day of January, 2002 to:

AUSA, Lawrence LaVecchio
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394

Fred Haddad, Esq. (Attorney for Fredrick J. Massaro)
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394
954-467-6767

Jeffrey Weinkle, Esq. (Attorney for Ariel Hernandez)
1035 NW 11th Avenue
Miami, FL 33136

                            **LAW OFFICES OF STEPHEN H. ROSEN, P.A.**
                            1221 Brickell Avenue
                            Suite 1020
                            Miami, Florida 33131
                            Florida Bar No. 154144
                            (305) 358-6789

                            STEPHEN H. ROSEN
                            Counsel for Defendant Trentacosta