UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ DKT

02 APR 29 PM 2:58

CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

UNITED STATES OF AMERICA,
    Plaintiff,

CASE # 00-6273-CR-HUCK

v.

ANTHONY TRENTACOSTA,
a/k/a/ "Tony Pep", et al.,
    Defendant.
_____/

### TRENTACOSTA'S REPLY TO THE GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW, ANTHONY TRENTACOSTA (Trentacosta), by and through undersigned counsel, and files his Reply to the Government's Objections to the Presentence Investigation Report (Government's Objections) and to Government's Response to Defendant's Objections to Presentence Investigation Report (Governments's Response), and says,

Trentacosta adopts and incorporates herein by reference all objections he has submitted in previously filed in relation to the Presentence Investigation Report (PSI) and all pleadings related thereto.

In Section II of Government's Objections, the government argues that two

additional groupings should be included in the calculus for determining Trentacosta's Adjusted Offense Level. The government suggests that the two grouping should be added to account for the commission of violent crimes in aid of racketeering activity. The violence to which the government refers is the murder of Jeanette Smith and the conspiracy to commit that murder.

In light of the jury's special verdict that Trentacosta did not agree to the commission of the murder of Jeanette Smith, or participate in the murder of Jeanette Smith, there should not be any groupings added to hold Trentacosta culpable for those offenses. The jury specifically excluded Trentacosta from culpability in these offenses.

Guidance in this circumstance is provided by *United States v. Farese*, 248 F.3d 1056 (11th Cir.2001):

> It will not always be clear what the underlying racketeering activity is under U.S.S.G. § 2E1.1(a) for the purpose of calculating the defendant's offense level, because the jury's verdict or the guilty plea may not specify which of the offenses listed in the indictment was the object of the conspiracy. In these circumstances section 1B1.2(d) instructs courts how to select the appropriate offense level. That section provides: "A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d).

*Id.* At 1060. Additionally, the *Farese* panel noted the caution required of the

sentencing judge in applying 1B1.2(d)

> However, the commentary to section 1B1.2(d) goes on to caution that: *Particular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy.* In such cases, subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense.
>
> Id. § 1B1.2 commentary at para. 4. We have interpreted the words "were it sitting as a trier of fact" in this commentary to mean that the district court must find beyond a reasonable doubt that the defendant conspired to commit a particular object offense before the court can sentence the defendant on the basis of that offense. See Ross, 131 F.3d at 990 (citing United States v. McKinley, 995 F.2d 1020, 1026 (11th Cir.1993)).

248 F.3d at 1060. (Emphasis added). The principal in *Farese* was reaffirmed in *U.S. vs. Nguyen*, 255 Fed. 3rd 1335 (11th Cir. 2001). In *Nguyen*, "the jury was not instructed, however, to find which predicate acts each defendant has agreed to commit or which acts each defendant knew and intended would be committed as part of the pattern of racketeering activity. Because the jury was not specifically polled on the predicate acts underlying the RICO conspiracy count, the jury's verdict was necessarily ambiguous as to which predicate acts supported the guilty verdicts on the conspiracy count. The court was therefore required to determine the predicate acts underlying each

defendant's conspiracy conviction using the reasonable doubt standard." In this case, but for the special verdict involving violence all other predicate acts were left ambiguous by the jury's verdict. Trentacosta is obviously by the special verdict not to be held accountable for the offenses of murder and conspiracy to commit murder. The Court is advised by the jury's verdict that it found that Trentacosta was not guilty of those offenses. Therefore, no additional groupings are warranted to account for those offenses. The Court must determine beyond a reasonable doubt what, if any, predicate acts Trentacosta should be accountable.

The government, page 5 of Government' Response, argues that Trentacosta should have received two additional points because he committed the offense in the indictment while on probation for a conviction of driving under the influence. This issue has already been resolved. See Probation Officer's Response - Second Addendum to the PSI, page 2.

In Section IV of Government's Objections, the government moves for an upward departure on two grounds - 1) that Trentacosta's Criminal History Score does not adequately reflect the seriousness of his past criminal conduct and 2) the likelihood that Trentacosta will commit other crimes.

The adequacy of a defendant's criminal history is addressed in U.S.S.G. § 4A1.3:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

The opinion of the court *U.S. v. Wyne*, 41 F.3d 1405 (10th Cir.1994), informs of how to address this issue, with the understanding that upward departure on this basis is to be very limited:

> The starting point for analysis, as always, is that the sentencing court must impose a sentence within the range set by the Guidelines unless the court finds the existence of "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission ... that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The Guidelines do recognize that in a particular case the defendant's criminal history may not be adequately represented by the result of the prescribed calculation. Accordingly, the district court may consider adjusting the criminal history category "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...." USSG § 4A1.3 (policy statement).
>
> The Sentencing Commission further has instructed, with respect to criminal conduct not counted in the initial determination of the criminal history category because it occurred outside the relevant time periods, that if the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining

> whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category). USSG § 4A1.2, comment. (n. 8). This application note was amended in 1992 to add the language regarding "serious dissimilar" conduct; the previous version of the note addressed only similar conduct. In the instant case, it is clear that the defendant's prior conduct was dissimilar, and no argument to the contrary is advanced. Thus, *the upward departure can only be valid if the record showed "serious dissimilar" conduct by the defendant, not reflected in the criminal history category derived under the Guidelines.*

*Id.* at 1407-08.

The *Wyne* Court defined as "serious" a sentence of imprisonment exceeding one year and one month, a standard used in the Guidelines in setting the number of points assigned to prior convictions within the counting period.

Trentacosta submits that his historical priors are not similar to the conduct which is charged in the indictment, and, additionally, are not serious by the standard set out in *Wyne*. Therefore, this Court should not depart upward from Trentacosta's guideline range on the basis of his criminal history.

In response to the government's suggestion that his association with organized crime is a basis for an upward departure under 5K 2.0, nothing in the defendant's criminal history or conduct herein alleged would demonstrate any propensity for violence or any participation in violent behavior, which would warrant the Court even considering granting the government's request for upward departure on this basis.

Respectfully submitted,

STEPHEN H. ROSEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was ~~mailed~~ faxed to on this 26 day of April, 2002 to:

AUSA, Lawrence LaVecchio
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394

**LAW OFFICES OF STEPHEN H. ROSEN, P.A.**
1221 Brickell Avenue
Suite 1020
Miami, Florida 33131
Florida Bar No. 154144
(305) 358-6789

STEPHEN H. ROSEN
Counsel for Defendant Trentacosta

7