UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK



UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY TRENTACOSTA.

       Defendant.
_____/

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

COMES NOW the United of America, by and through the undersigned Assistant United States Attorneys, and files this Response in Opposition to the defendant Anthony Trentacosta's Motion for Release Pending Appeal.

### FACTS

The defendant was convicted on December 15, 2001 of Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d). Following his conviction, the defendant was remanded to custody by this Court.

At trial, the evidence established that the defendant was a member of the Gambino Crime Family who was responsible for the oversight of a crew of individuals. That crew engaged in a pattern of racketeering activity which included acts of violence involving, inter alia, murder, extortion and loansharking. The evidence

further established the defendant Trentacosta's direct complicity in loansharking activity. Intercepted communications between co-defendant Frederick J. Massaro and defendant Trentacosta, coupled with testimony of several witnesses, established that Trentacosta was involved in approving and collecting extortionate extensions of credit made by Massaro for the benefit of the enterprise.

## MEMORANDUM OF LAW

I. Under the applicable statutes the defendant is not eligible for release pending appeal.

The defendant's Motion incorrectly applies the standards set forth in Title 18, United States Code, Section 3143(b) to the issue of his release pending appeal. In fact, given the charge upon which he was convicted, the defendant is ineligible for release on bond.

The defendant stands convicted of RICO Conspiracy, objects of which were extortion and the making and collection of extortionate extensions of credit, in violation of Title 18, United States Code, Section 894.[1] Title 18, United States Code, Section 3143(b)(2)

---

[1] The defendant's assertion, at page 4 of his Motion, that "the jury, in a special verdict form, determined that Anthony Trentacosta was not guilty of any violent crime" is simply ludicrous. The jury's special verdict only found that, in the course of the defendant's participation in the RICO Conspiracy, the defendant Trentacosta did not "agree to the commission of murder in violation of Section 782.04 Florida Statutes." None of the other acts of violence contemplated during the course of the conspiracy were addressed by the special verdict. Significantly, in determining the defendant's sentence under the Guidelines, this Court properly determined his range based, in part, upon his involvement in extortionate credit transactions.

provides that where, as here, the defendant has been convicted of a crime of violence and sentenced to a term of imprisonment, the Court shall order that he be detained pending sentence.[2] See, United States v. Koon, 6 F.3d 561, 562 (9th Cir. 1993) ("Congress has declared that all persons who are found guilty of crimes of violence must be detained -- even though they individually pose no risk of flight and danger to the community and despite the fact that they may raise substantial issues on appeal -- unless they clearly show "exceptional reasons" why detention is inappropriate.") In the case at bar, the defendant has advanced no such "exceptional reasons" so as to support his release on bail and, as such, his Motion must properly be denied.

---

[2]Title 18, United States Code, Section 3143(b)(2) must be read in pari materia with Title 18, United States Code, Section 3142(f)(1)(A) (defining a "crime of violence" as an offense for which release pending sentencing is prohibited). The crimes of extortion and engaging in extortionate credit transactions, and the RICO charges which incorporated those offenses, constitute crimes of violence within the purview of Title 18, United States Code, Section 3143. See, Title 18, United States Code, Section 16 (defining a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); United States v. Gonzalez-Lopez, 911 F.2d 542, 546 (11th Cir. 1990) (whether an offense is a crime of violence is a legal inquiry as opposed to a factual inquiry; the Court is permitted to examine only the elements of the offense, not the conduct of the defendant in the particular case). See also, USSG § 4B1.2, Application Note 2 (defining extortion as a crime of violence, per se); United States v. DeLuca, 17 F.3d 6, 8-10 (1st Cir. 1994) (violation of state extortion statute constitutes crime of violence, even though it incorporates the use of threats other than threats of physical harm).

    II.    The defendant has not met his burden justifying release under Title 18, United States Code, Section 3143(b)(1).

Notwithstanding the aforesaid bar to his release posed by Title 18, United States Code, Section 3143(b)(2), the defendant has not met the more liberal threshold set forth in Title 18, United States Code, Section 3143(b)(1). Under that Section, a convicted defendant sentenced to a term of imprisonment, and who does not stand convicted of a crime of violence, shall still be detained pending appeal unless the Court finds, by clear and convincing evidence, the following: (1) that the defendant is not likely to flee; (2) that the defendant does not pose a danger to the community if released; (3) that the defendant's appeal is not for purposes of delay; <u>and</u> (4) that the defendant's appeal raises a substantial question of law or fact likely to result in a reversal or an order for new trial of all counts on which imprisonment has been imposed. The burden is on the defendant to establish these four elements. <u>United States v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985).[3] In this regard the defendant has failed woefully.

Firstly, the government submits that the record herein does

---

[3]Significantly, in <u>Giancola</u>, the Eleventh Circuit stated that "while Congress did not intend for the 1984 Bail Act to eliminate bail pending appeal, it did intend to limit its availability." 754 F.2d at 900. Further, the court held that, in determining whether appeal bond is appropriate, the defendant's "conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." <u>Id</u>. at 901.

burden, must properly be denied.

                                 Respectfully submitted,

                                 GUY A. LEWIS
                                 UNITED STATES ATTORNEY

By: _____
     LAWRENCE D. LaVECCHIO
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar No. 0305405
     500 E. Broward Blvd., Ste 700
     Fort Lauderdale, Florida 33394
     (954) 356-7255/356-7230 - fax


_____
JEFFREY H. SLOMAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0378879
500 E. Broward Blvd., Ste 700
Fort Lauderdale, Florida 33394
(954) 356-7255/356-7228 - fax

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered by mail on this 28th day of May 2002 to Stephen H. Rosen, Esquire, Suite 1020, 1221 Brickell Avenue, Miami, Florida 33131.

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY