UNITED STATES DISTRICT COURT IN AND
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE # 00-6273-CR-HUCK

v.

ANTHONY TRENTACOSTA,
a/k/a/ "Tony Pep", et al.
_____/

## MOTION FOR RELEASE PENDING APPEAL

COMES NOW the defendant, ANTHONY TRENTACOSTA, by and through undersigned counsel, and pursuant to 18 U.S.C. § 3143(a) files this motion for released pending appeal, and in support thereof says,

## FACTS

1. That on September 26, 2000, ANTHONY TRENTACOSTA appeared before Honorable Joel E. Feldman, in the Northern District of Georgia, for an Initial Appearance in reference to the Indictment No. 00-6273-CR-Huck, on the charge of Conspiracy to Commit Racketeering (RICO).

2. That the Honorable Joel E. Feldman ordered a $500,000.00 secured bond with the following special conditions of release: electronic monitoring, surrender passport, travel restricted to Southern District of Florida, Northern District of Georgia, and the Southern District of New York.

3. That on November 20, 2000, ANTHONY TRENTACOSTA's bond was modified to the following conditions:

    a) $500,000.00CSB with Nebbia, to be approved by U.S. Magistrate Judge Brown;

    b) House arrest with electronic monitoring to be paid by Pretrial Services;

c) Surrender any passport (surrendered to Pretrial Services in Georgia);

d) Abstain from alcohol;

e) Court ordered defendant to remain in his home at all times except to seek medical treatment, in New York, for cancer, consult with his attorney, and travel to the Southern District of Florida to answer said Indictment No. 00-6273-CR-Huck, with those activities to be monitored by Pretrial Services;

f) Court ordered that ANTHONY TRENTACOSTA maintain one land line telephone line at his residence, that all cellular telephones were prohibited on the premises;

g) ANTHONY TRENTACOSTA was prohibited from utilizing any communication device except the land line telephone at his residence, including any pay telephones, cellular telephones or any other communication devices outside of his residence;

h) The government was permitted to electronically monitor and/or record all communications occurring over the sole telephone facility to which the defendant was permitted access, and ANTHONY TRENTACOSTA was required to post a notice on that telephone facility that the communications occurring thereon are being monitored and/or recorded by the government;

i) ANTHONY TRENTACOSTA was to have no contact with any alleged victim or witness;

j) Any reasonable law enforcement search so as to insure his compliance with any and all bond conditions; and

k) any other reasonable condition as deemed appropriate by the Court.

4. That on January 8, 2001, ANTHONY TRENTACOSTA was released on bond and he returned to his residence in Cummings, Georgia on or about January 14, 2001.

5. That on August 16, 2001, an order was granted whereby ANTHONY TRENTACOSTA was allowed to travel to Miami, Florida between the dates of August 16 - 21, 2001, to meet with undersigned counsel.

6. That ANTHONY TRENTACOSTA has traveled to Miami, Florida to meet with his attorney on many occasions.

7. That ANTHONY TRENTACOSTA was supervised by Donna E. Andrews, Senior U.S. Probation Officer and no violations of any conditions of bond have been reported since his release.

8. That ANTHONY TRENTACOSTA was convicted of RICO without violence on December 14, 2001. His bond was revoked and ANTHONY TRENTACOSTA was remanded to the custody of the United States Marshal.

9. That on April 29, 2002 this Court sentenced ANTHONY TRENTACOSTA to a term of imprisonment of 100 months.

10. That undersigned counsel has a good faith professional belief that this case will be reversed on several grounds, including but not limited to:

    a) Trial court's denial of ANTHONY TRENTACOSTA's Motion to Sever Counts and Defendants;

    b) Insufficiency of evidence to convict on the charge as indicted.

## MEMORANDUM OF LAW

The law controlling the release of a defendant pending appeal is found in 18 U.S.C. §3143 (b)(1)(A)(B). This section in relevant part holds:

> (b)(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense ans sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any persons or community if released under section 3142(b) or (c) of this title;
>
> (B) and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:
>
> > (i) reversal and
> >
> > (ii) an order for a new trial.

The exception of § 3143(a)(2) is not applicable herein, because the jury, in a special verdict form, determined that ANTHONY TRENTACOSTA was not guilty of any violent crime (18 U.S.C.. 3142 (f)(2)(A)); nor does this offense involve the predicates of 18 U.S.C. 3142 (f)(2)(B) & (C) required to invoke § 3143(a)(2). Therefore, this Court should order the release of ANTHONY TRENTACOSTA in accordance with section § 3142(b) or (c), if it finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

Conditions of Release

ANTHONY TRENTACOSTA's conditions for release pending trial, listed in paragraph no. 3 above, were qualified pursuant to § 3142 (c). When setting the above listed conditions of release, the Court determined that these conditions would assure the appearance of ANTHONY TRENTACOSTA as required, and as well assured the safety of any persons and the community. The Court's assessment of ANTHONY TRENTACOSTA, in the context of his being a flight risk or a threat to persons or the community prior to trial, has been proved to have been correct; and the pre-trial release of ANTHONY TRENTACOSTA well warranted.

At no time during his pre-trial release under the above listed conditions did ANTHONY TRENTACOSTA violate the terms of these conditions. It is noteworthy to observe that up until the point of the jury's verdict, ANTHONY TRENTACOSTA was facing life imprisonment without the possibility of parole. Yet, ANTHONY TRENTACOSTA always appeared in court when summonsed to do so, always complied with the conditions of his pre-trial bond, and approached the Court if a need to modify the conditions arose. The fact that he is facing a small term of imprisonment, makes it is more probable that ANTHONY TRENTACOSTA will comply with the same terms of release pending sentencing.

WHEREFORE, ANTHONY TRENTACOSTA, by and through under signed counsel, requests this Court to grant this motion and release him pending appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed to on this 23 day of May, 2002 to:

AUSA, Lawrence LaVecchio
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394

                                        **LAW OFFICES OF STEPHEN H. ROSEN, P.A.**
                                        1221 Brickell Avenue
                                        Suite 1020
                                        Miami, Florida 33131
                                        Florida Bar No. 154144
                                        (305) 358-6789

                                        _____
                                        STEPHEN H. ROSEN
                                        Counsel for Defendant Trentacosta