05-61805

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

| | |
|---|---|
| ANTHONY TRENTACOSTA, ) | |
|     Petitioner ) | Habeas Corpus Action |
|     Reg. No. 95851-004 ) | Pursuant to 28 U.S.C. § 2255 |
|     FMC Butner ) | |
|     PO Box 4600 ) | (Previously case number |
|     Old N. Carolina Hwy 75 ) | 00-6273-CR-HUCK) |
|     Butner, NC 27509 ) | |
| ) | |
| - VERSUS - ) | |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| WARDEN A. F. BEELER OF FMC ) | |
| BUTNER, FEDERAL MEDICAL ) | |
| CENTER, ) | |
| ) | |
|     RESPONDENTS. ) | |

NIGHT BOX FILED
NOV 21 2005
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR

CORRECT SENTENCE BY A PERSON IN FEDERAL

<u>CUSTODY PURSUANT TO 28 U.S.C. § 2255</u>

COMES NOW, Petitioner Anthony Trentacosta (hereinafter "Petitioner"), by and through the undersigned counselors, and files this brief in support of his motion pursuant to 28 U.S.C. § 2255, showing the Court as follows:

1. **THE LEGAL ALLEGATIONS AND FACTUAL ASSERTIONS SET FORTH IN PETITIONER'S MOTION MADE PURSUANT TO 28 U.S.C. § 2255.**

1



In support of this brief, Petitioner relies upon, incorporates, and adopts all legal submissions and factual assertions contained in his "Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255," which has been filed in conjunction with the instant brief.

### a. PETITIONER'S SENTENCE VIOLATES *BLAKELY V. WASHINGTON*, 542 U.S. 296 (2004) AND *BOOKER V. UNITED STATES*, 125 S. CT. 738 (2005).

Petitioner was sentenced to serve 100 months incarceration. He is currently incarcerated. His sentencing calculation was broken down into two offense groups to render a combined offense level. Group One had an adjusted offense level of 17, which was composed of: (1) a base offense level of six; (2) a six point enhancement for offense characteristics (relevant conduct); (3) a two point increase for more than minimal planning; and (4) a four point enhancement for role in the offense. Group Two had an adjusted offense level of 24, which was composed of: (1) a base offense level of twenty; and (2) a four point enhancement for role in the offense. The combined adjusted offense level, as recommended by the probation officer, was 25. However, the district court granted the prosecution's motion for a two point upward departure, making the final offense level 27. (R547 at 52 to 55 (reference being made to the transcript page according to the appellate record index).

Petitioner's sentence violates the Sixth Amendment right to a trial by jury because, using a "mandatory" guideline regime, the district court increased

Petitioner's sentence based upon its own factual determinations. These factual determinations were never admitted by Petitioner or found by a jury. Additionally, the district court's reliance on the guidelines to craft and to justify Petitioner's sentence strongly suggests that the court deemed the guidelines to be mandatory. *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Accordingly, for these two reasons, Petitioner's sentence must be vacated.

### b. TRIAL COUNSEL WAS INEFFECTIVE UNDER *STRICKLAND* BECAUSE HE FAILED TO PROPERLY ASSERT PETITIONER'S SIXTH AMENDMENT RIGHTS AS ARTICULATED BY THE UNITED STATES SUPREME COURT IN *BLAKELY V. WASHINGTON*, 542 U.S. 296 (2004) AND IN *BOOKER V. UNITED STATES*, 125 S. CT. 738 (2005).

The transcripts of Petitioner's sentencing shows that trial counsel failed to assert the full measure of Petitioner's Sixth Amendment right to a trial by jury on each element of the offense(s), including those facts found by and relied upon by the sentencing court to increase his sentence. By not raising an *Apprendi*-like objection, trial counsel's performance fell below an objective level of reasonableness and creates a reasonable probability that but for this failure; the result of this proceeding would have been different.

c. **TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PROPERLY INVESTIGATE THE FACTS OF PETITIONER'S CASE AND THEN BY FAILING TO PRESENT CRITICAL EVIDENCE, SUPPORTING PETITIONER'S DEFENSE AND CONTRADICTING THE PROSECUTION'S THEORY OF THE CASE.**

Trial counsel neglected to present evidence which would have clarified Petitioner's relationship with co-defendant Massaro, showing that Petitioner was merely a friend to Massaro and was not involved at any level in Massaro's indicted activities. This evidence includes:

    a) Several pieces of evidence showing that Petitioner was not, in fact, Massaro's boss and, thus, did not occupy the role alleged by the government. This evidence includes an audio-recording(s) of co-defendant Massaro in which he admits that Petitioner was not his "boss" and did not oversee his (Massaro's) various and indicted criminal endeavors. A particular audio-recording was played at Petitioner's sentencing but was not presented to the jury at trial. In his "Affidavit in Support of Application" [for a wiretap], Special Agent Feisthammel also acknowledged Massaro's claims that he was not affiliated – criminally –

4

with Petitioner. The overlooked evidence also includes evidence that Petitioner actually acted against Massaro's criminal interests and vehemently opposed any conspiratorial association with Massaro – again a sentiment echoed by Massaro himself during the reference audio-recording.

b) During the cross-examination of Government witness Edward Dougherty, trial counsel failed to correct Dougherty's testimony about "Tony" (i.e. Petitioner). In fact, Dougherty was referring to another "Tony" – not this Petitioner. As a consequence, bad acts and other prejudicial evidence was incorrectly ascribed to Petitioner "Tony" rather than the actual actor, another "Tony."

But for the omission/inclusion of this critical evidence, the results of Petitioner's trial would have been different. This conclusion is especially palpable given the jury's split verdict and the overall weakness of the government's case – an opinion which the trial court shared during the argument on the Rule 29 motion.

Accordingly, Petitioner asserts that trial counsel was ineffective; and Petitioner prays this Court allow him to introduce additional evidence in support of this enumeration.

5

## 2. CONCLUSION

Accordingly, for the reasons presented above, Petitioner prays the Court reverse his conviction and vacate his sentence.

Respectfully submitted this 21st day of November 2005.

BY: _____
DONALD F. SAMUEL,
GA. BAR #624475

BY: _____
W. CHARLES LEA
GA. BAR # 442006

*COUNSELORS FOR PETITIONER*

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
dfs@gsllaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

| | |
|---|---|
| ANTHONY TRENTACOSTA, ) | |
|     Petitioner ) | Habeas Corpus Action |
|     Reg. No. 95851-004 ) | Pursuant to 28 U.S.C. § 2255 |
|     FMC Butner ) | |
|     PO Box 4600 ) | (Previously case number |
|     Old N. Carolina Hwy 75 ) | 00-6273-CR-HUCK) |
|     Butner, NC 27509 ) | |
| ) | |
| - VERSUS - ) | |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| WARDEN A. F. BEELER OF FMC ) | |
| BUTNER, FEDERAL MEDICAL ) | |
| CENTER, ) | |
| ) | |
|     RESPONDENTS. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of November 2005, served a copy of the foregoing, *Brief In Support of Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255*, upon the below parties:

    Lawrence D. LeVecchio, Esq.
    Jeffrey H. Sloman, Esq.
    Assistant United States Attorneys
    Office of the United States Attorney
    500 East Broward Boulevard
    7th Floor
    Fort Lauderdale, Florida 33301

Marcos Daniel Jimenez
United States Attorney
Anne R. Schultz
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132-211

Warden A. F. Beeler
Federal Medical Center
PO Box 1600
Old N. Carolina Hwy 75
Butner, NC 27509

By certified mail, return/receipt requested.

BY: _____
DONALD F. SAMUEL,
GA. BAR # 624475

*COUNSELOR FOR PETITIONER*

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
dfs@gsllaw.com